EMMA HOCKEN, (PLAINTIFF) APPELLANT, v. ALLSTATE INSURANCE COMPANY, A CORPORATION, AND ALLSTATE FIRE INSURANCE COMPANY, A CORPORATION (GARNISHEES) RESPONDENTS, ERNEST L. NEEF, (DEFENDANT).—147 S. W. (2d) 182.

St. Louis Court of Appeals. Opinion filed Feb. 4, 1941.

*Clark M. Clifford* and *Robert G. Maysack* for respondents.

*Anderson & Whittington* for appellant.

ANDERSON, J.—This is a proceeding by garnishment under an execution upon a judgment rendered in favor of the appellant, Emma Hocken, and against Ernest L. Neef. Garnishees (respondents herein) are the Allstate Insurance Company, a corporation, and Allstate Fire Insurance Company, a corporation. Originally there were two separate garnishment suits, one against each of the above named garnishees, but these suits were, prior to trial, consolidated.

The appeal is from a judgment of dismissal, after the trial court had sustained garnishees' motion for judgment on the pleadings, so that the question presented to this court on this appeal is whether plaintiff's denial of garnishee's answer (respondents throughout the pleadings are referred to in the singular) states facts sufficient to constitute a cause of action. Said pleading, after denying generally the allegations of garnishee's answer to plaintiff's interrogatories, and alleging the corporate capacity of the garnishees, alleged that on the 5th day of October, 1935, the garnishee issued to defendant its policy of insurance, under the terms and conditions of which the said garnishee agreed to pay on behalf of said defendant all sums within the limit of $5000 for injuries to one person and $10,000 for injuries to two or more persons in any one accident, which said defendant should, after the date of the issuance of said policy, become obligated to pay by reason of the liability imposed on him by law for damages because of bodily injury accidentally sustained by any person or persons as the result of the ownership, maintenance, or use of the automobile mentioned and described in said policy. There then follows a description of the said automobile.

It is then alleged that on or about the 22nd day of December, 1935, while said policy was in force, the plaintiff was riding as a passenger in the said automobile owned and operated by the defendant along and upon Castleman Avenue, within the City of St. Louis, Missouri; that she had no control over said car, but was riding as a guest and invitee of the defendant; that at said time defendant so carelessly and negligently operated said automobile as to cause and permit the same to run off the paving and over the curbing of said street and to strike violently against a tree, as a result of which plaintiff was seriously and permanently injured.

Said pleading further alleged that as a direct and proximate result of the carelessness and negligence of the defendant, plaintiff suffered various personal injuries, which are set out in said pleading.

Said denial then continued as follows:

"Further denying, plaintiff states that thereafter she made claim against said Ernest L. Neef for damages for said personal injuries; that thereafter plaintiff, through her counsel, was informed by Mr. Niel Wood that he represented the Allstate Insurance Company and Allstate Fire Insurance Company; that thereafter the garnishee herein, by and through its agent and representative, the said Niel Wood, discussed with plaintiff her claim against said Ernest L. Neef with a view to settling said claim; that said garnishee, by and through its said agent and representative, assured plaintiff that it had under consideration a settlement of said claim, and that in furtherance of said settlement, at the request of the garnishee, this plaintiff submitted to medical examination and to having X-ray photographs of herself taken and submitted to said garnishee written statements signed

by herself and by her husband setting out the particulars of the accident in which she was injured.

"Further denying, plaintiff states that thereafter, on the 13th day of May, 1936, plaintiff filed in the Circuit Court of the City of St. Louis, Missouri, her suit for damages for personal injuries aforesaid, wherein she set forth the facts and allegations of negligence as aforesaid, and prayed the Court to award her the sum of seven thousand five hundred dollars, together with her costs therein expended, said cause being entitled Emma Hocken, plaintiff, v. Ernest L. Neef, defendant, and numbered 7066-C in said court; that summons was duly served on defendant returnable to the June Term, 1936, of said court.

"Further denying, plaintiff states that on the 3rd day of June, 1936, one Clark M. Clifford, an attorney at law in the employ of the garnishee herein, acting for said garnishee under the terms and conditions of the aforesaid policy of insurance, filed a demurrer to plaintiff's petition in said cause as attorney for defendant; that thereafter the said demurrer so filed was by the Court overruled on July 3, 1936.

"Further denying, plaintiff states that on the 9th day of July, 1936, the said Clark M. Clifford, employed by garnishee and acting on its behalf as aforesaid, filed an answer in said cause as attorney for said defendant.

"Further denying, plaintiff states that the said Clark M. Clifford was never employed by the defendant, but in truth and in fact was the representative of the garnishee herein and undertook the defense of said cause by reason and as a result of the issuance of the policy of insurance as aforesaid.

"Further denying, plaintiff states that thereafter, on the 9th day of September, 1936, the said Clark M. Clifford withdrew from said cause as attorney for said defendant.

"Further denying, plaintiff states that thereafter, on the 12th day of November, 1936, the cause being duly called for trial, plaintiff having announced ready for trial and being then and there ready and willing to proceed with the trial thereof, the said cause was, upon motion of said Clark M. Clifford, and over the objection of plaintiff and her counsel, continued by the Court.

"Further denying, plaintiff states that on the 11th day of January, 1937, said cause being again called for trial and plaintiff being again ready and willing to proceed therewith, the Court, upon motion of the said Clark M. Clifford, and over and against the objection of plaintiff and her counsel, continued said cause.

"Further denying, plaintiff states that on the 29th day of April, 1937, said cause was duly called for trial, assigned to Division No. 1 of the Circuit Court of the City of St. Louis, Missouri; that in default of an appearance by defendant, a jury was waived, the cause was duly tried, and a finding and judgment rendered in favor of plaintiff and against defendant in the sum of two thousand five hun-

dred dollars and costs; that no motion for a new trial was filed in said cause, and that no appeal was taken from said finding and judgment; that the term at which said judgment was rendered has long since terminated, and that said judgment is now a final judgment against Ernest L. Neef.

"Further denying, plaintiff states that no part of said judgment has been paid, and that the same, with interest thereon, and costs in the sum of $62.25, is now due and payable to the plaintiff.

"Further denying, plaintiff states that on the 18th day of September, 1936, while the aforesaid case of Emma Hocken, plaintiff, v. Ernest L. Neef, defendant, was pending in the Circuit Court of the City of St. Louis, Missouri, the garnishee herein as plaintiff filed in the Circuit Court of the City of St. Louis, Missouri, a suit in equity entitled Allstate Insurance Company and Allstate Fire Insurance Company, plaintiffs, v. E. L. Neef, Emma Hocken and Bartenders Local No. 51, said cause being numbered 10,424-C, praying the Court to declare said policy of insurance void from inception for alleged fraudulent misrepresentation in the procurement thereof; that the garnishee (plaintiff therein) was represented by the said Clark M. Clifford, and that the said E. L. Neef, named as defendant in that cause, is the same person as the defendant in this cause.

"Further denying, plaintiff states that summons in said cause was duly served upon all of the defendants therein, including Emma Hocken, the plaintiff herein, returnable to the December Term, 1936; that the issues being made in said cause and parties appearing on the 15th day of March, 1937, the plaintiff therein (garnishee here) dismissed its cause of action as to defendants Emma Hocken and Bartenders Local Union No. 51; and that the Court thereupon rendered its judgment against the defendant E. L. Neef, canceling said policy of insurance for alleged fraudulent misrepresentation in the procurement thereof.

"Further denying, plaintiff states that the suit so filed by the garnishee herein was filed for the purpose of hindering and delaying this plaintiff in reducing to judgment her claim for damages for personal injuries, and for the purpose of hindering and delaying collection in the event that said claim should thereafter be reduced to judgment; that the defendant Ernest L. Neef allowed said policy to be canceled, made no defense to said suit in equity, and was not present in person or by attorney at the trial of said cause.

"Further denying, plaintiff states that the judgment canceling said policy of insurance is, as to this plaintiff, void and of no effect; that by and through the acts of its agents and representatives, Niel Wood and Clark M. Clifford, the garnishee has recognized the injuries to plaintiff as covered by the policy of insurance heretofore mentioned and described; that by and through said acts and recognition, and by and through the acts of garnishee in attempting to settle said

claim, and in proceeding to defend against the same in the name of defendant, the garnishee has waived any right that it might have had to deny liability to his plaintiff under the terms and conditions of said policy, and is estopped to set up in defense of the judgment rendered against Ernest L. Neef, either the alleged misrepresentation in the procurement of said policy, or the judgment in equity canceling the same.

"Further denying, plaintiff states that the facts of waiver and estoppel as aforesaid on the part of the garnishee constituted a good and valid defense on the part of E. L. Neef to the suit to cancel the said policy, but that defendant, fraudulently and in connivance and conspiracy with the said garnishee failed and refused to offer such defense or any defense and allowed said policy to be canceled in his absence and by default.

"Further denying, plaintiff states that there is now a valid, subsisting and final judgment debt in her favor and against the defendant, the assured in said policy of insurance, in the sum of $2,562.25, for which the garnishee is liable, with interest from the 29th day of April, 1937; that said garnishee has in its possession and under its control money belonging to defendant for the purpose of paying said judgment and interest, for which it is indebted to defendant herein by reason of said judgment.

"Further denying plaintiff states that execution has been issued on said judgment against the defendant herein and has been returned *non est*; that defendant has so concealed his person and his property that said judgment cannot be satisfied except out of the money in the hands of the garnishee as aforesaid.

"Wherefore, plaintiff prays judgment against the garnishee in the sum of $2,562.25, with interest and for her costs herein expended."

To this denial garnishees thereafter filed a general demurrer, which was by the court overruled. Thereupon garnishees filed a reply, in which it admitted that the Circuit Court of the City of St. Louis on March 15, 1937, cancelled said policy and declared the same void from its inception. Said reply also contained a general denial, and concluded with a prayer that garnishees be dismissed with their costs, together with an attorney's fee, and such other relief to which they might be entitled.

The case came on for trial on February 15, 1939, and after the jury was empanelled, counsel for the garnishees filed their motion for judgment on the pleadings in the following form:

"Now come garnishees, after the jury has been called and selected, and pray for judgment on the pleadings in behalf of said garnishees."

The court sustained said motion and on said date entered its judgment that plaintiff take nothing by her cause of action and that said garnishees be discharged and go hence without day. After unsuccessfully moving for new trial, plaintiff prosecuted its appeal to this court.

The record does not disclose upon what theory the trial court sustained respondents' motion. However, the latter, defending the action of the court below, contend that the judgment in the equity suit against defendant Neef cancelling the policy is not subject to collateral attack by Emma Hocken, the plaintiff, but is binding on her on the theory that she was privy of Neef, having derived her rights if any, against respondents solely through him. It is true, as contended by respondents, that a judgment of a court which has jurisdiction of the parties and the subject-matter is binding and effectual upon all the parties to the cause, and their privies, and said judgment cannot be questioned by them in a collateral proceeding for fraud or any other reason.

However, we cannot agree with respondents' contention that plaintiff was a privy to the judgment in the equity suit. On the contrary, under our view of the law she was a stranger to the judgment and is not bound by it.

We do not believe that the plaintiff in this case was privy to the judgment for the reason that she acquired whatever rights she possessed under the policy prior to the institution of the equity suit. After those rights came into existence, the insured could not by any act, or by the submission to the rendition of judgment against him, lessen the interest vested in plaintiff. The rule applicable here is stated in 2 Black on Judgments, sec. 549, as follows:

". . . privies, in such sense that they are bound by the judgment, are those who acquire an interest in the subject-matter after the rendition of the judgment; if their title or interest attached before that fact, they are not bound unless made parties."

Again the same author says, Sec. 260, p. 391:

"As the cases express it, the rule against collateral attacks upon judgments does not apply to such third persons or strangers to the record as would be prejudiced in regard to some preexisting right if the judgment were given full effect."

The same rule is stated in Freeman on Judgments, sec. 440, as follows:

"It is well understood, however, though not always so stated in express terms, that no one is privy to a judgment whose succession to the rights of property thereby affected, occurred previously to the institution of the suit."

The foregoing principle has been approved by our Supreme Court in Abington v. Townsend, 271 Mo. 602, 610-611, 197 S. W. 253; also by the Supreme Court of the United States in Dull v. Blackman, 169 U. S. 243. The latter case was a suit brought in Iowa, the object of which was to quiet the title of one Edw. Phelan to certain land in that State. Phelan acquired the land from one Blackman, who in turn had acquired same from Dull. Dull pleaded a judgment of the New York Court which avoided his deed to Blackman on the

ground of fraud. This suit was instituted and tried subsequently to the conveyance from Blackman to Phelan. The only defendant served in that suit and appearing was Blackman. The Supreme Court of the United States held that though Phelan acquired his rights under deed from Blackman, he was not bound by the New York judgment against the latter because his rights in the subject-matter of the suit were acquired prior to the institution and rendition of that judgment. In passing upon the question, Mr. Justice Brewer said:

"We remark again that while a judgment or decree binds not merely the party or parties subject to the jurisdiction of the court but also those in privity with them, yet that rule does not avail the plaintiffs in error, for Phelan acquired his rights prior to the institution of the suit in New York and was therefore not privy to that judgment.

" 'It is well understood, though not usually stated in express terms in works upon the subject, that no one is privy to a judgment whose succession to the rights of property thereby affected, occurred previously to the institution of the suit. A tenant in possession prior to the commencement of an action of ejectment cannot therefore be lawfully dispossessed by the judgment unless made a party to the suit. . . . No grantee can be bound by any judgment in an action commenced against his grantor subsequent to the grant, otherwise a man having no interest in property could defeat the estate of the true owner. The foreclosure of a mortgage, or of any other lien, is wholly inoperative upon the rights of any person not a party to the suit, whether such person is a grantee, judgment creditor, attachment creditor, or other lienholder.' [Freeman on Judgments (1 Ed.), sec. 162.]

"As Phelan was not brought within the jurisdiction of the New York court, and as the suit in that court was instituted nearly two months after he had acquired full title to the real estate, the decree of that court did not bind him as a party, nor bind him as in privity with Blackman, his grantor."

There can be no doubt but that under the facts stated in the pleading under review plaintiff acquired rights under the policy prior to the institution of the equity suit.

The policy as pleaded in plaintiff's denial is not a contract for reimbursement or indemnity, but is one insuring against liability. [Goers v. Indemnity Company of America (Mo. App.), 3 S. W. (2d) 272; Kurre v. American Indemnity Co., 223 Mo. App. 406, 17 S. W. (2d) 685.] And, under the decisions, the insured's liability accrued thereon upon the occurrence of the injury. [36 C. J., 1096; Century Realty Co. v. Frankford Mar. etc., Ins. Co., 179 Mo. App. 123, 161 S. W. 624; Ross v. American Employer's Liability Co., 56 N. J. Eq. 41, 38 A. 22.] In the latter case the court gives the reason for the rule in the following language:

"The recovery of the judgment against the insured by the injured party is not the injury against which the insurer insures him, but it is the liability for the consequences of the accident against which he is insured, and of which liability the judgment is a mere test or mode of proof. In fact, the recovery of the judgment is a mere mode by which the insured proves to the insurer that the intrinsic character of the accident was such that he was liable for the consequences of it. In this respect the judgment resembles the proof of insurer against fire or shipwreck before action brought, or proof of death in case of life insurance. These are usually prerequisites to liability to action, but do not constitute the cause of action. And in the case of a judgment against the party insured under one of these policies for damages for the result of an accident, the liability, though legally fixed at that time, relates back to the accident itself. In contemplation of law the insured either was or was not, from the first, liable for the consequences of the accident; and the presumption is that the result of an investigation of the facts was never doubtful from the first, and always sure to result according to the actual fact. So that the recovery of the judgment cannot be held or treated in the law as a contingency which may or may not happen, but a mere judicial ascertainment of the intrinsic character of the occurrence which determined the liability of the insured."

The foregoing, we believe to be sound doctrine, and applicable in the case at bar. Under the principle announced in that case, there arose at the time of the accident those rights which respondent sought to have terminated by the equity suit. It is true that those rights were originally derived through the insured, but by operation of law they are fixed and independent of any control by the insured, so that as to all acts and relations subsequent to the action, which gave rise to plaintiff's rights, they were not in privity. If the policy was voidable by reason of the fraud of insured prior to the accident, it could, of course, be annulled by a court of equity as to both insured and plaintiff, but insured could not represent the plaintiff in that suit brought subsequent to the accident. In order to defeat plaintiff's rights, she should have been made a party. It is axiomatic that no one can be passed on, in person or estate, without an opportunity to be heard. The foregoing views have had the approval of the Supreme Court of South Carolina, in the case of Bailey v. United States Fidelity & Guaranty Co., 193 S. E. 638, 185 S. C. 169. In that case the facts were as follows:

On July 13, 1935, the insurance company issued a policy of liability insurance to Harry E. Thomas, covering his automobile. By its terms it excluded coverage while being driven by any person under the age fixed by law, or under fourteen years in any event. On March 7, 1936, while the automobile of the insured was being operated by his son, a boy under the age of sixteen years, the plaintiff,

one Dozier Bailey, was injured by coming in contact therewith. Thereafter, on April 4, 1936, the company brought an action against the insured, in which a judgment was sought declaring the policy void, and that the insurer be relieved of all liability to the insured by reason of the accident in which Bailey was injured. Bailey was not made a party to this proceeding, and Thomas, the insured, let judgment by default go against him on April 13, 1936.

On July 24, 1936, plaintiff Bailey sued insured, Thomas, for damages for the injuries received in the accident, and judgment by default was thereafter entered against the insured. Thereafter this suit was brought on the policy, the term of which policy gave him that right. Among other defenses there was pleaded the declaratory judgment as a bar to plaintiff's alleged rights under the policy. At the close of the evidence defendant moved for a directed verdict, which was refused. Upon appeal the Supreme Court of South Carolina affirmed, saying:

"The other question presented and argued is whether the plaintiff's rights are barred by the declaratory judgment obtained by the insurance company against Thomas the insured. The appellant contends that this question should be answered in the affirmative for the reason, as stated by its counsel, that Bailey's rights were derived by him through the insured, and that he was, therefore being in privity with the insured, bound by such judgment, although he was not made a party to the action in which it was obtained.

"It is not denied that the policy in question is one for indemnity against liability and not indemnity against loss. 'In the former case the insurer's obligation becomes fixed when liability attaches to the insured. In the latter case the insurer's liability does not attach until loss has been suffered, that is, when the insured has paid the damages.' [1 Joyce on Insurance (2 Ed.), sec. 27b.]

"As already stated, the declaratory judgment against Thomas was obtained by the company after the accident in which the plaintiff, Bailey, was injured and after his rights as a third party had accrued, and in a suit to which he was not made a party. The trial judge held that, in this situation, the plaintiff's rights were not barred by such judgment.

"An examination of the record before us, in which is included what was done in the proceeding for the declaratory judgment, convinces us that the conclusion reached by the court below is correct. In Black on Judgments, volume 2, page 637, the following definition of privies is approved: 'Privies are those who are so connected with the parties in estate, or in blood, or in law, as to be identified with them in interest, and consequently to be affected with them by the litigation, as lessor and lessee, heir and ancestor, executor and testator. All others not included in either of these classes are of course strangers.'

"It seems clear from the above definition of privies, and from our examination of other authorities in reference thereto, that Bailey, under the admitted facts of this case, does not come within any class of those above defined as privies. It appears therefore that no privity exists between the respondent and Thomas, the insured, as contended by the appellant, which would give to the declaratory judgment against Thomas alone the effect of barring the rights of Bailey. In any event, Bailey would not be a privy, in the sense that he would be bound by the judgment, unless his rights had accrued after the rendition thereof; if rights are acquired by a person, as by the respondent in the present case, before that fact, such person is not bound unless made a party to the action. [2 Black on Judgments, 654.]''

The next point for determination is respondents' complaint with respect to the allegation of fraud in said denial. It will be observed that the plaintiff alleged in her denial of garnishee's answer that Neil Wood, as representative of respondent insurance companies, attempted to settle plaintiff's damage suit; that she submitted to X-rays, and that she and her husband gave statements as to how the accident happened. The denial further alleged that Clark M. Clifford filed a demurrer and an answer on behalf of defendant Neef in the damage suit in accordance with the conditions of the policy, and that he thereafter appeared to have the damage suit continued on two occasions. It was then alleged that by these acts respondents waived any right they might have had to deny liability to this plaintiff under the terms and conditions of the policy. Plaintiff then alleged that the aforesaid acts of waiver and estoppel constituted a good and valid defense on the part of defendant Neef to the suit to cancel the said policy, but that defendant and the garnishees, by reason of a conspiracy, refused to offer such defense.

Respondents say that by reason of plaintiff's failure to allege that these acts were performed after respondents had knowledge of the facts rendering the policy voidable, her pleading does not show that there was any waiver or estoppel which would have been a good defense to the equity suit.

The denial does allege that after the equity suit was filed, Mr. Clifford appeared in court on two occasions and secured a continuance of the damage suit. However, it is not necessary for us, at this time, to pass upon the point raised, in view of our holding that the judgment in the equity suit does not constitute an estoppel against plaintiff in this proceedings. Plaintiff has alleged sufficient facts to show that she was not bound by the judgment in the equity suit. This was sufficient to warrant her in proceeding with this garnishment case, and the trial court should have overruled the motion of respondents on that ground, and we so hold. Therefore, the question raised by respondents as to the sufficiency of plaintiff's pleading of fraud becomes academic.

In plaintiff's denial there is no challenge of the scope and effect of the judgment in the equity suit as a former adjudication of the rights of the insured under the contract of insurance, plaintiff merely stating that the judgment cancelling said policy was as to plaintiff void and of no effect, and it is not necessary to examine into the operation of the judgment there as an estoppel with respect to the parties actually before the court. Our decision in this case proceeds on the assumption of the validity of that judgment as to the latter. We do hold, however, that plaintiff herein, being neither party nor privy to the judgment, is a stranger thereto, and is setting up the facts showing that *status* she does not make a collateral attack, the essence of which is the repudiation of the judgment as having adjudicative value for any purpose whatsoever. Her allegation of fraud, in the procurement of the judgment, may, therefore, be regarded, under our view of her *status* as a stranger, as mere surplusage. If she is neither party nor privy to the judgment, she is not bound by it. [Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443.]

The respondents, after a remand of this case to the trial court, may seek to establish the invalidity of the policy as to the plaintiff, and the latter may then present a pleading of waiver with proper allegations contained therein, if the facts warrant same.

It is also argued by respondents that counsel for Emma Hocken, if they desired to introduce evidence showing a waiver which would estop respondents from asking for cancellation of the policy, could have intervened in the equity case and presented this evidence. There is no merit to this contention. The duty of bringing in all parties having rights under the policy was upon the respondents. They were the ones seeking affirmative action of the Equity Court. No duty rested upon plaintiff to force her way into that suit.

The judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the views herein expressed. *Hughes, P. J.,* and *McCullen, J.,* concur.