## PENNSYLVANIA CASUALTY CO. et al. v. PHŒNIX.

### PHŒNIX v. PENNSYLVANIA CASUALTY CO. et al.

### Nos. 2776, 2777.

Circuit Court of Appeals, Tenth Circuit.

Jan. 5, 1944.

Clayton B. Pierce, of Oklahoma City, Okl., for appellants and cross-appellees.

Wm. J. B. Myres, of Manett, Mo., and A. L. Commons, of Miami, Okl., for Carl R. Phoenix.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On February 8, 1941, the Pennsylvania Casualty Company[1] issued its automobile liability policy to the McAllister Oil Company.[2] The policy obligated the insurer to pay on behalf of the insured all sums which the latter should become obligated to pay by reason of liability imposed upon it by law for damages sustained by any person or persons, caused by accident and arising out of the ownership, maintenance, or use of the automobile described in the policy. It required the insurer to defend any suit against the insured alleging such injury and seeking damages on account thereof; to pay all premiums on bonds to release attachments for an amount not in excess of the limit of liability of the policy, all premiums on appeal bonds required in any such defended suit, all costs taxed against the insured in any such suit, all expenses incurred by the insurer, all interest accruing after entry of judgment until the insurer had paid, tendered, or deposited in court the amount of such judgment, or, in the event such judgment is in excess of the insurer's liability under the policy, an amount equal to such liability, and the expenses incurred by the insured, in the event of bodily injury, for such immediate medical and surgical relief to others imperative at the time of accident. It expressly provided that the insurer should not be required to apply for or furnish such bonds.

It required the insured to give notice of a claim or suit and to assist and cooperate with the insurer in the defense of claims or suits. It further provided that no action should lie against the insurer unless, as a condition precedent thereto, the insured had fully complied with all the terms of the policy, nor until the amount of the insured's obligation to pay had been finally determined, either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the insurer, and that any person who had secured such judgment or written agreement should thereafter be entitled to recover under the terms of the policy in the same manner and to the same extent as the insured.

On February 23, 1941, the automobile of the insured, covered by the policy, was involved in an accident in which Carl R. Phoenix was injured.

Thereafter, Phoenix commenced an action against the insured in the District Court of Ottawa County, Oklahoma, to recover damages on account of such injuries and sued out an attachment under which property of the insured of the appraised value of $2,504.00 was seized.

In response to the request of the insured, the insurer procured the National Surety Company[3] to execute a forthcoming bond as surety, conditioned for the redelivery of the attached property to Phoenix if such redelivery should be adjudged. The insurer pledged and deposited with the Surety Company collateral equivalent to the penalty of the redelivery bond in accordance with an indemnity agreement theretofore entered into between the insurer and the Surety Company. Such agreement required the insurer to reimburse the Surety Company for any loss that the latter might sustain by reason of the execution of such bond. On February 17, 1942, Phoenix recovered a judgment against the insured for $10,000. On May 8, 1942, Phoenix made demand on the Surety Company to redeliver the attached property, or its equivalent in money. On June 8, 1942, the insurer paid to the clerk of the District Court of Ottawa County, Oklahoma, the court costs in the action brought by Phoenix and tendered to Phoenix and the sheriff of Ottawa County, by separate drafts, a total of $5,092.50. The tender was on behalf of the Surety Company and the insured, and was conditioned that Phoenix release and discharge the Surety Company from liability under the forthcoming redelivery bond and release and discharge the insurer from liability to him upon the policy. The tender was refused by Phoenix and the sheriff.

The insurer and the Surety Company brought this action against Phoenix seeking a declaratory judgment decreeing that the obligation of the insurer as indemnitor of the insured to Phoenix was limited to $5,092.50; that the obligation of the Surety Company on the redelivery bond was limited to $2,504.00; and that payment by the insurer on behalf of the insured of $2,504.00 would constitute full satisfaction and discharge of any liability of the Surety Company on the redelivery bond. Phoenix answered and asserted that he was entitled to recover from the insurer the sum of $10,009.00, the further sum of $500.00

---

[1] Hereinafter called the insurer.
[2] Hereinafter called the insured.

[3] Hereinafter called the Surety Company.

penalty, and $1,500.00 attorneys' fees. The trial court concluded that Phoenix was entitled to recover $5,000.00, with interest from the date of his judgment against the insured, from the insurer, and $2,504.00 from the Surety Company, but that Phoenix was not entitled to recover any penalty or attorneys' fees. It entered judgment accordingly. From that judgment, the insurer and the Surety Company have appealed, and Phoenix has prosecuted a cross-appeal.

The policy is a Missouri contract and is to be construed in accordance with the laws of that state. Section 6009, R.S.Mo.1939, Mo.R.S.A., in part, reads:

"Cancellation or annulment—when void. In respect to every contract of insurance made between an insurance company, * * * and any * * * corporation, by which such * * * corporation is insured against loss or damage on account of the bodily injury * * * by accident of any person, for which loss or damage such * * * corporation is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company, if liability there be, shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage, * * *. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the said assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. R.S. 1929, § 5898."

Section 6010, R.S.Mo.1939, Mo.R.S.A., in part, reads:

"Judgment creditor may collect insurance, when. Upon the recovery of a final judgment against any * * * corporation by any person * * * for loss or damage on account of bodily injury * * * if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, * * * and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. R.S.1929, § 5899."

The policy insured against liability and not against loss.[4] The insurer's liability under the policy accrued upon the occurrence of the injury to Phoenix and the judgment obtained by Phoenix related back to the date of the accident.[5]

---

[4] Hocken v. Allstate Ins. Co., 235 Mo. App. 991, 147 S.W.2d 182, 187; Kurre v. American Indemnity Co., 223 Mo.App. 406, 17 S.W.2d 685, 689; Goerss v. Indemnity Co. of America, 223 Mo.App. 316, 3 S.W.2d 272, 273–276; Graff v. Continental Auto Ins. Underwriters, 225 Mo.App. 85, 35 S. W.2d 926, 931; Slavens v. Standard Acc. Ins. Co., 9 Cir., 27 F.2d 859, 860, 861; Martin v. Zurich Gen. Acc. & Liability Ins. Co., 1 Cir., 84 F.2d 6, 8, 9.

[5] Hocken v. Allstate Ins. Co., 235 Mo. App. 991, 147 S.W.2d 182, 187; Century Realty Co. v. Frankfort Marine, etc., Ins. Co., 179 Mo.App. 123, 161 S.W. 624, 630; Ross v. American Employers' Liability Ins. Co., 56 N.J.Eq. 41, 38 A. 22, 23.

See, also, Yeats v. Dodson, 345 Mo. 196, 127 S.W.2d 652.

In Hocken v. Allstate Ins. Co., supra, the court said:

"The policy as pleaded in plaintiff's denial is not a contract for reimbursement or indemnity, but is one insuring against liability. Goerss v. Indemnity Company of America, 223 Mo.App. 316, 3 S.W.2d 272; Kurre v. American Indemnity Co., 223 Mo. App. 406, 17 S.W.2d 685. And, under the decisions, the insurer's liability accrued thereon upon the occurrence of the injury. 36 C.J. 1096; Century Realty Co. v. Frankfort Marine, etc., Ins. Co., 179 Mo. App. 123, 161 S.W. 624; Ross v. American Employers' Liability Co., 56 N.J.Eq. 41, 38 A. 22, 23. In the latter case the court gives the reason for the rule in the following language: 'The recovery of the judgment against the insured by the injured party is not the injury against which the insurer insures him, but it is the liability for the consequences of the accident against which he is insured, and of which liability the judgment is a mere test or mode of proof. In fact, the recovery of the judgment is a mere mode by which the insured proves to the insurer that the intrinsic character of the accident was such that he was liable for the consequences of it. In this respect the judgment resembles the proof of loss to be furnished to an ordinary insurer against fire or shipwreck before action brought, or proof of death in case of life insurance. These are usually prerequisites to liability to action, but do not

■ Under the provisions of the Missouri statute, Phoenix was entitled, either by a proceeding in equity or by garnishment, to compel the insurer to apply the amount of its liability under the policy to the satisfaction of his judgment against insured.[6]

■ The insured and the insurer could not, subsequent to the accident, impair the rights of Phoenix to have the insurance proceeds applied to the satisfaction of his judgment, either by voluntary agreement or collusive action. Counsel for the insurer assert that the rights of Phoenix are derivative and are no greater than the rights of the insured under the policy. It is true that Phoenix's rights are derivative and that he has no greater rights against the insurer than the insured would have in a direct suit on the policy.[7] But, under the decision in Hocken v. Allstate Ins. Co., 235 Mo.App. 991, 147 S.W.2d 182, and § 6010, supra, the rights of Phoenix accrued on the date of the accident. The derivative rights of Phoenix are, therefore, the rights of the insured on that date. They could not be impaired by subsequent agreement or collusive action of the insured and insurer. An exception to the foregoing is recognized with respect to breaches of conditions subsequent by the insured, where collusion between insured and insurer is absent. In Bauman v. Western & Southern Indemnity Company, 230 Mo.App. 835, 77 S.W.2d 496, 498, the court held that un-

excused failure of assured to cooperate with automobile liability indemnity insurer in accordance with conditions of the policy, where there had been no bad faith on the part of the insurer, and the condition requiring cooperation had been breached by material lack of cooperation, released insurer from liability to the injured person. See, also, note, 85 A.L.R. page 70, and note, 106 A.L.R. page 532. But, here, no breach of condition subsequent is involved.

■ The trial court found that the failure of the insurer to pay its liability under the policy did not constitute vexatious delay. The penalty for vexatious refusal to pay should not be inflicted unless the evidence and circumstances show that such refusal was willful and without reasonable cause under the facts as they would have appeared to a reasonable and prudent man before the trial; and the mere fact that the judgment on the trial was adverse to insurer's contention is no reason for inflicting the penalty. An insurer is entitled to an honest difference of opinion as to its liability and, if it acts in good faith, it may contest an issue, either of fact or law, without incurring penalties for vexatious delay. Ordinarily, where the legal questions involved are such that lawyers may differ honestly and reasonably respecting them, there is no vexatious delay.[8] Here, issues of law were involved with respect to which lawyers might honestly and reasonably differ and there was no evidence from which

constitute the cause of action. And in the case of a judgment against the party insured under one of these policies for damages for the result of an accident, the liability, though legally fixed at that time, relates back to the accident itself. In contemplation of law the insured either was or was not, from the first, liable for the consequence of the accident; and the presumption is that the result of an investigation of the facts was never doubtful from the first, and always sure to result according to the actual fact. So that the recovery of the judgment cannot be held or treated in the law as a contingency which may or may not happen, but a mere judicial ascertainment of the intrinsic character of the occurrence which determined the liability of the insured.'

"The foregoing, we believe to be sound doctrine, and applicable in the case at bar. Under the principle announced in that case, there arose at the time of the accident those rights which respondent sought to have terminated by the equity suit. It is true that those rights were originally de-

rived through the insured, but by operation of law they are fixed and independent of any control by the insured, so that as to all acts and relations subsequent to the accident, which gave rise to plaintiff's rights, they were not in privity."

[6] § 6010, R.S.Mo.1939, Mo.R.S.A.; Lajoie v. Central West Casualty Co., 228 Mo. App. 701, 71 S.W.2d 803, 809.

[7] Perkins v. Becker, 236 Mo.App. 786, 157 S.W.2d 550, 552; Wehrhahn v. Ft. Dearborn Casualty Underwriters, 221 Mo. App. 230, 1 S.W.2d 242, 243; Graff v. Continental Auto Ins. Underwriters, 225 Mo.App. 85, 35 S.W.2d 926, 931.

[8] Non-Royalty Shoe Co. v. Phoenix Assurance Co., 277 Mo. 399, 210 S.W. 37, 42; Camdenton Consol. School Dist., No. 6 v. New York Casualty Co., 340 Mo. 1070, 104 S.W.2d 319, 331, 332; New York Life Ins. Co. v. Calhoun, 8 Cir., 114 F.2d 526, 536; State ex rel. Continental Life Ins. Co. v. Allen, 303 Mo. 608, 262 S.W. 43, 46; State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 298 S.W. 83, 91.

an inference could be drawn that the action of the insurer was recalcitrant and obstructive.[9] At most, the issue of vexatious delay was one of fact.[10] The trial court resolved that issue in favor of the insurer. We cannot say that such finding was clearly erroneous.

The judgment is affirmed.

[9] Cf. Exchange Bank of Novinger v. Turner, 221 Mo.App. 1104, 14 S.W.2d 425, 433; Florea v. Iowa State Insurance Co., 225 Mo.App. 49, 32 S.W.2d 111, 115; Porter v. Equitable Life Assur. Society, Mo. App., 71 S.W.2d 766, 779.

[10] Patterson v. American Insurance Co., 174 Mo.App. 37, 160 S.W. 59, 62; Curtis v. Indemnity Co. of America, 327 Mo. 350, 37 S.W.2d 616, 629; New York Life Ins. Co. v. Calhoun, 8 Cir., 114 F.2d 526, 537, 538.