125 So.2d 886 (1961)
ALLSTATE INSURANCE COMPANY, an Illinois corporation, Appellant,
v.
Rose F. WARREN and Ethelese Steele, Appellees.
No. 59-529.
District Court of Appeal of Florida. Third District.
January 12, 1961.
Rehearing Denied February 1, 1961.
*887 Ross, Reinhardt & Preddy, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellees.
HORTON, Chief Judge.
The garnishee-insurance company has appealed from an adverse final judgment entered pursuant to a jury verdict for the plaintiffs. The appellees, having obtained a money judgment in a personal injury action against one Bradshaw, instituted the garnishment proceedings in an attempt to collect on their unsatisfied judgment. The garnishee by its answer denied that it was or ever had been indebted to Bradshaw and subsequently moved for summary judgment and sought to quash the writ of garnishment. Attached to and in support of these motions was an affidavit of garnishee's counsel in which he set forth that a policy of insurance had been issued to Bradshaw; however, it was obtained by Bradshaw's making fraudulent representations in the insurance application. Also attached was the insurance policy in issue and certified copies of the findings of fact and a final judgment rendered in the federal district court. In addition, other affidavits and testimony in support of the motions were attached. These motions were denied by the trial court as were the appellant's subsequent motions for directed verdict, new trial and for judgment in accordance with motions for directed verdict.
*888 The findings of fact and final judgment in the federal district court were rendered as the result of a declaratory decree action instituted by the insurer-appellant against the insured-Bradshaw following the injury sustained by the appellees. By its final judgment, the federal court said:
"[T]hat final judgment declaring that the policy in suit is void be, and the same is, hereby entered in favor of the plaintiff, Allstate Insurance Company, an Illinois corporation, and against the defendant, Robert O. Bradshaw, * * *."
On appeal, the appellant has raised five points which we elect to classify under three headings, i.e., first, whether a judgment determining, as between an insurer and the insured, questions relating to the coverage of an insurance policy, operates as res judicata in a subsequent garnishment action brought against the insurer by an injured third party; second, whether or not in consideration of the evidence presented, the trial court erred in allowing the jury to consider and determine the issue of liability; and third, whether the trial court, having allowed the cause to go to the jury, erred in instructing the jury. The appellees have cross-assigned as error the trial court's refusal to award interest on the judgment.
Pursuant to the first point, the appellant has argued that the law as stated in the case of Reaves v. Domestic Finance Company, 113 Fla. 672, 152 So. 718, clearly holds that the plaintiff's claim against the garnishee can rise no higher than the claim of the defendant against the garnishee. Accordingly, the appellant argues that the judgment in the declaratory decree proceedings, voiding the policy of insurance, is binding upon the appellees on the theory that they were privy of Bradshaw having derived their rights against it solely through Bradshaw. It is true as contended by the appellant that the declaratory judgment has the force and effect of a final judgment and would be res judicata of the matters at issue between the parties and their privy. 19 Fla. Jur., Judgments and Decrees, § 154; 16 Am.Jur., Declaratory Judgments, § 16. However, we cannot agree with the appellant's contention that the plaintiff was a privy to the judgment in the equity suit. In a similar case,[1] the Missouri Court of Appeals stated:
"We do not believe that the plaintiff in this case was privy to the judgment for the reason that she acquired whatever rights she possessed under the policy prior to the institution of the equity suit. After those rights came into existence, the insured could not by any act, or by the submission to the rendition of judgment against him, lessen the interest vested in plaintiff. The rule applicable here is stated in 2 Black on Judgments, Sec. 549, as follows: `* * * privies, in such sense that they are bound by the judgment, are those who acquire an interest in the subject matter after the rendition of the judgment; if their title or interest attached before that fact, they are not bound unless made parties.'
"Again the same author says, Sec. 260, p. 391: `As the cases express it, the rule against collateral attacks upon judgments does not apply to such third persons or strangers to the record as would be prejudiced in regard to some pre-existing right if the judgment were given full effect.'
"The same rule is stated in Freeman on Judgments, Sec. 440, as follows: `It is well understood, however, though not always so stated in express terms, that no one is privy to a judgment whose succession to the rights of property thereby affected, occurred previously to the institution of the suit.'"
*889 The policy of insurance here was one insuring against liability, not a contract for reimbursement or indemnity, and the insurer's liability became fixed when liability attached to the insured. New Amsterdam Casualty Co. v. Murray, 6 Cir., 242 F.2d 549; Bailey v. United States Fidelity & Guaranty Company, 185 S.C. 169, 193 S.E. 638; Hocken v. Allstate Insurance Company, 235 Mo. App. 991, 147 S.W.2d 182; 18 Fla.Jur., Insurance, § 308. In order for appellees' rights to have been defeated, they should have been made a party to the suit for declaratory decree. See 69 A.L.R.2d 858.
Having considered the remaining points raised by appellant, we conclude the same to be without merit and now proceed to the point raised by appellees' cross-assignment of error.
The appellees point out, and the record reflects, that the contract of insurance in issue, under the heading "Additional Payments Allstate Will Make," contained the following provision:
"[W]ith respect to any judgment entered in any such suit, all interest on the judgment until Allstate has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of Allstate's liability thereon."
Our Supreme Court, in considering just such a provision in the case of Highway Casualty Co. v. Johnston, Fla. 1958, 104 So.2d 734, concluded that the garnishee-insurance carrier was liable for interest on the entire judgment. In view of this holding, we conclude that the trial court erred in refusing to award the plaintiffs-appellees interest upon the unsatisfied judgment which they held against Bradshaw, the jury having returned a verdict in favor of the plaintiffs in the garnishment action.
The judgment appealed is affirmed, but the cause is remanded for the entry of an amended judgment to allow the appellees interest on the entire judgment consistent with the views expressed herein.
Affirmed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] Hocken v. Allstate Ins. Co., 235 Mo. App. 991, 147 S.W.2d 182, 187.