**FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, a Wisconsin Corporation, Plaintiff-Appellant,**

v.

**Thomas W. DRANE, Adalpha Drane, Terry Gene Drane, Charles L. Durk, Larry Jensen and MFA Mutual Insurance Company, a Missouri Corporation, Defendants-Respondents.**

No. 50185.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1964.

Keyes, Bushman & Hearne, John L. Hearne, Jefferson City, for plaintiff-appellant.

Spencer, Hines & Petri, Columbia, for Thomas W. Drane, Adalpha Drane and Terry Gene Drane, defendants-respondents.

Howard F. Major, Columbia, for Charles L. Durk, Larry Jansen and MFA Mutual Insurance, defendants-respondents.

WELBORN, Commissioner.

This is an action for declaratory judgment by which the Farmers Mutual Automobile Insurance Company sought a declaration of its nonliability on a farm liability and medical payments policy issued by it to Charles L. Durk. The circuit court sustained a motion for judgment on behalf of defendants, directed at the plaintiff's petition. This appeal followed.

This litigation originated on July 31, 1957, with the fall of respondent Terry Gene Drane, at that time a minor, from a load of baled hay being hauled by a truck owned by respondent Charles L. Durk and driven by Durk's employee, respondent Larry Jensen. The truck was being operated on a county road in Boone County, Missouri. Terry Gene fell from the truck when it passed beneath a telephone wire.

Durk was insured under a farmers public and employee liability policy issued by the appellant and also under an automobile liability policy issued by the MFA Mutual Insurance Company (hereinafter refered to as MFA). Appellant investigated the reported casualty to Terry Gene and concluded that there were coverage defenses available to it under the terms of the policy which it had issued to Durk. These defenses are not revealed by the record before us and no effort is made in this litigation to establish the validity of these coverage defenses. Durk entered into a non-waiver agreement

with appellant, under which appellant undertook to handle all claims growing out of the fall of Terry Gene, without waiving any of appellant's rights or defenses under the policy.

Terry Gene and his parents, Thomas W. and Adalpha Drane, filed separate suits in the Boone County Circuit Court against Durk, Jensen and the owners of the telephone line under which the truck passed at the time of the fall. Terry Gene's suit sought damages in the amount of $150,000 for the injuries he claimed to have sustained in the fall. His parents' action sought $25,000 damages for loss of their son's services. Durk, Jensen and the Beiks, the owners of the telephone wire, were named as defendants in the actions. Both petitioners charged that Terry Gene's injuries were attributable to the negligent operation of the truck by Jensen, the employee of Durk.

On September 10, 1959, the Dranes, Durk, Jensen and MFA entered into an agreement whereby, in consideration of $11,000 paid to the Dranes by MFA, the Dranes agreed that, in the event of their recovery of a judgment in their favor in the suits pending in the Boone County Circuit Court, they would not levy execution by garnishment or otherwise against Durk, Jensen or MFA, "provided, however, that execution by garnishment or as otherwise provided by law may be levied against said Farmers Mutual Automobile Insurance Company; * * *." The agreement further provided for its being filed for record, in which event any judgment recovered by the Dranes would not be a lien on the property of Durk or Jensen.

On January 25, 1960, the Beiks paid the Dranes $5,600 in settlement of the claims against them and a stipulation for the dismissal of the action against the Beiks was entered into, together with a covenant by the Dranes not to sue the Beiks.

Following the agreement between Durk, Jensen, the Dranes and MFA, appellant filed the present action in the Boone County Circuit Court for a declaratory judgment as to its liability under its policy in the light of such agreement. By its petition on which the matter was determined in the court below, appellant set forth essentially the foregoing facts. It alleged that the agreement of September 10, 1959 was entered into "without the consent, knowledge or permission of the plaintiff Farmers Mutual Automobile Insurance Company and without notice to said plaintiff company; that said agreement was drawn up and prepared by attorneys representing M.F.A. Mutual Insurance Company and with the active assistance and cooperation of the attorneys representing Terry Gene Drane, Thomas W. Drane and Adalpha Drane; that in negotiating and preparing said agreement the defendant Charles L. Durk conferred with the attorneys representing M.F.A. Mutual Insurance Company without the consent, knowledge or permission of the plaintiff Farmers Mutual Automobile Insurance Company and without notifying it thereof."

Appellant's petition, in three counts, sought a declaration of its nonliability on three theories. By Count I, the petition sought such a declaration on the theory that the agreement of September 10, 1959 constitutes a complete bar to the Dranes' actions in the Boone County Circuit Court. An injunction against further prosecution by the Dranes of the suits was prayed for. By Count II, appellant sought a declaration that the agreement of September 10, 1959 relieved Durk and Jensen of any legal obligation to pay damages to the Dranes and that, appellant's obligation under its policy being to pay "sums which the insured shall become legally obligated to pay as damages * * *," the appellant has, by the agreement, been fully discharged from all liability under its policy. Count III sought a declaration that Durk, by conferring with attorneys for MFA without the knowledge and consent of appellant and by entering into the agreement of September 10, had violated and materially breached the cooperation clause of appellant's policy and the non-waiver agreement entered into between appellant and Durk.

Motions to dismiss appellant's petition were filed separately by MFA, Jensen and Durk. The Dranes filed a motion to strike and motion for judgment. By the latter motion, they sought judgment against appellant on the grounds that the September 10th agreement "was duly and lawfully authorized by and was duly and lawfully made and entered into under the provisions of Section 537.065, R.S.Mo., 1949, Laws of Missouri, 1959, S.B. No. 259, duly passed and approved, and in force and effect at the time said agreement was made and entered into and at all times mentioned and referred to in plaintiff's amended petition and in each and every Count thereof, and that thereunder and by authority thereof and by reason thereof said agreement was and is lawful, valid, binding and fully effective and is a bar to and defeats the plaintiff's alleged action alleged in plaintiff's amended petition and in each and every Count thereof."

In response to this motion, the court entered judgment against appellant and in favor of the respondents. As to Count I, the judgment decreed that neither appellant nor its insured was relieved from liability by the September 10th agreement and that the agreement does not constitute a bar to the further prosecution of the Dranes' actions in the Boone County Circuit Court. In response to Count II, the court found that appellant is not by reason of the agreement released from liability under its policy and that appellant was obligated to defend the cases brought by the Dranes. In response to Count III, the court found that appellant had not shown that, by the agreement, Durk had materially violated or breached any provisions of appellant's insuring agreement with Durk; that Durk had not materially impaired the rights of appellant by entering into the agreement; that appellant "will be liable to pay insofar as the facts and pleadings herein appear any final judgment or judgments, or portion thereof, recovered" in actions brought by the Dranes out of the alleged casualty of July 31, 1957.

On this appeal, appellant renews its contentions regarding the effect of the September 10th agreement upon its liability. It also contends that Section 537.065, RSMo 1959, V.A.M.S., relied upon by respondents, does not authorize the agreement here involved and that, even if it did, it could not excuse Durk's violation of the cooperation clause of his policy with appellant because it was not in effect at the time of the issuance of the policy and that to permit the statute relied upon to excuse the alleged violations of the policy terms would be contrary to the impairment of contract clauses of the Missouri and United States Constitutions.

Respondents rely upon Section 537.065 as authorizing the September 10th agreement, with the result that the agreement did not bar further prosecution of the Dranes' actions, and did not terminate the liability of appellant on its policy issued to Durk.

In view of the role of Section 537.065, we note here its terms and history. Section 537.065 provides as follows:

"Any person having an unliquidated claim for damages against a tortfeasor, on account of bodily injuries or death, may enter into a contract with such tortfeasor or any insurer in his behalf or both, whereby, in consideration of the payment of a specified amount, the person asserting the claim agrees that in the event of a judgment against the tortfeasor, neither he nor any person, firm or corporation claiming by or through him will levy execution, by garnishment or as otherwise provided by law, except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tortfeasor for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract. Execution or garnishment proceedings in aid thereof shall lie only as to assets of the tortfeasor specifically mentioned in the contract or the insurer or insurers not excluded in such contract. Such contract, when properly acknowledged by the parties

thereto, may be recorded in the office of the recorder of deeds in any county where a judgment may be rendered, or in the county of the residence of the tortfeasor, or in both such counties, and if the same is so recorded then such tortfeasor's property, except as to the assets specifically listed in the contract, shall not be subject to any judgment lien as the result of any judgment rendered against the tortfeasor, arising out of the transaction for which the contract is entered into."

This statute was enacted as Senate Bill No. 259 of the 70th General Assembly. Senate Bill No. 259 was introduced by Senators Spencer, Waters and Jones. Senator Spencer is attorney for the Dranes. On oral argument in this court, he stated that the bill had been introduced because of the situation which had been presented by the injury to Terry Gene Drane. The bill became law on August 29, 1959, and the agreement was entered into twelve days thereafter.

On this appeal, appellant does not challenge the legislative power to enact a statute having the effect which respondents would give to Section 537.065. Nor does appellant contend that, insofar as an agreement might be within the ambit of Section 537.065, it should not be given the effect which respondents would give to the September 10th agreement. The appellant does contend that, in the absence of 537.065, the agreement should be considered as one by which the Dranes gave up all methods of legally enforcing a judgment against Durk or Jensen personally, or their assets, and that they thereby voluntarily gave up the remedy, an essential element of this cause of action.

We need not, however, consider at any length this contention if we conclude that the September 10th agreement is such an agreement as was contemplated by Section 537.065. In such event, the effect of the agreement must be determined in the light of the statute and not in the light of what the law might have been, absent the statute.

Appellant's contention that the September 10th agreement is not within the scope of Section 537.065 is based upon two grounds. Appellant's first argument is that any agreement, to be within the scope of Section 537.065, must list assets of the tort-feasor which would be subject to execution in the event of a judgment, and the September 10th agreement lists no assets of Durk or Jensen, but, on the other hand, excludes all of their property and assets from execution to enforce any judgment the Dranes might obtain. Plaintiff contends that the statute requires an agreement whereby the claimant will not levy execution except against specified assets listed in the contract *and* except against any insurer which insures legal liability of the tort-feasor.

■ We reject this contention as inconsistent with what appears to us to be the obvious purpose of the statute in question. As applied to the situation of this case, the legislature wished to provide a method whereby one insurer might pay, without litigation, the amount agreed upon between it and the claimant. If the claimant is unwilling to look solely to another insurer, whose coverage may be doubtful, as in this case, he may insist that the tort-feasor provide some security for the payment of a judgment which might be recovered in favor of the claimant. If, however, the claimant is willing to take his chance on payment by an insurer not excepted, we find nothing in the statute which would require that, nevertheless, some assets of the tort-feasor be listed. The absurdity of such a requirement as appellant contends for is clear when one considers that no standard whatsoever is prescribed for assets of the tort-feasor which would, if its contention is correct, be required to be listed. Thus, if such a requirement were found to exist, it might be satisfied by listing as the asset of the tort-feasor which might be levied upon, his savings account in X Bank, an account which might have a balance of $1.00. We think that the more reasonable construction is that the legis-

lature did not intend to require that assets of the tort-feasor be listed, and that the conjunction "and," pointed to by appellant, in this instance is properly construed to mean "or." See Hurley v. Eidson, Mo. Sup., 258 S.W.2d 607, 608(1).

■ Appellant's second contention is that the statute is not applicable because it refers to "tort-feasor" and that Jensen and Durk are not "tort-feasors" until their liability is determined—that, until that time, they are "merely alleged tort-feasors." We do not consider this argument meritorious. The statute clearly contemplates a situation wherein the agreement would be entered into prior to a judicial determination of liability. The statute refers to what the situation should be "in the event of a judgment against the tortfeasor." Obviously this contemplates a situation where liability has not been finally determined and the term "tort-feasor" refers to a person charged with liability for a tort. See Buchanan v. Beirne Lumber Co., 197 Ark. 635, 124 S.W.2d 813, 815.

We, therefore, reject appellant's contention that the agreement in this case is not within the terms of the statute relied upon by respondents. Having rejected this contention, we likewise reject the position, more inferred than directly argued, that the statute could not be given effect to avoid the bar to further litigation between the Dranes and Durk and Jensen. Insofar as it might alter pre-existing legal theories and concepts, its effect would be similar to the effect of the enactment (Laws of Mo., 1915, page 268) of the provisions of what is now Section 537.060, RSMo 1959, V.A.M.S., which did away with the previously existing rule that a settlement with one joint tort-feasor of a cause of action constituted a settlement for all tort-feasors. Farrell v. Kingshighway Bridge Co., Mo. App., 117 S.W.2d 693.

Appellant strongly argues that, even though the agreement might not bar further litigation between the Dranes and Durk and Jensen, it does discharge appellant from liability because its liability under its policy is "to pay on behalf of the insured all sums which the insured shall become *legally obligated to pay* as damages because of bodily injuries." Appellant argues that the Dranes' agreement not to levy on property of Durk or Jensen relieves the latter of any legal obligation to pay any damages to the Dranes.

■ The policy here involved is one insuring against liability and is not one of indemnity or reimbursement. As appellant in its brief states: "It is now well settled in Missouri that the rights and obligations of the parties involved in a casualty, where one or more are insured by liability insurance, become fixed at the time that the casualty occurs; the injured parties' rights against the insurer are inchoate until a judgment is obtained against the insured, but nevertheless, they are fixed." Citing: Hocken v. Allstate Ins. Co., 235 Mo.App. 991, 147 S.W.2d 182, and State ex rel. McCubbin v. Ginn, Mo.Sup., 347 S.W.2d 119. There is no indication that the sum paid the Dranes by MFA on behalf of Durk and Jensen was intended as full satisfaction of the Dranes' claims. On the contrary, the reservation in the agreement of rights against appellant clearly indicates that the parties did not contemplate that the payment was in full satisfaction of the Dranes' claims.

■ Cases cited by appellant, holding that the procuring of liability insurance by charitable organizations otherwise exempt from tort liability does not affect such exemption, are not analogous to this situation. In those cases, such as Stedem v. Jewish Memorial Hospital Ass'n of Kansas City, 239 Mo.App. 38, 187 S.W.2d 469, the holding that there would be no liability for damages for personal injury on the part of the insurer of a charitable association which had assumed "to pay all loss by reason of the liability imposed by law" upon the insured was based upon the lack of liability of the insured at the time of the injury. Here, if the allegations of

Jensen's negligence are proven, and his relationship to Durk established, both Jensen and Durk were liable at the time of the injury. The September 10th agreement did not purport to terminate that liability, although it would operate to limit the enforceability of a judgment based upon such liability. We, therefore, conclude that appellant's argument on this basis is without merit.

■ Appellant's final contention is that Durk and Jensen, by entering into the September 10th agreement, breached the cooperation clause of appellant's insurance contract. Appellant argues that, by entering into the agreement, its insureds violated their duty to exercise good faith and act fairly toward their insurer, the appellant. Of course, the insureds owed a similar obligation to MFA. We would not say that, simply by cooperating with that insurer, Durk and Jensen violated the cooperation clause of appellant's policy.

Appellant insists that its position was prejudiced by the agreement. It argues that the agreement constituted "a damaging admission of liability" by Durk, and that appellant, in its defense of the Dranes' claims, would be confronted with the dilemma of being obliged to offer evidence of the payments to the Dranes in an effort to obtain a reduction in the amount of damages now recoverable by the Dranes, but, at the same time, to produce the agreement as evidence of the payment would result in the jury's receiving evidence of an admission of liability by Durk and Jensen. They also argue that the Dranes, in their suits, would be able to use the agreement as an admission on the part of Durk and Jensen.

As to appellant's dilemma, there are various considerations. We do have cases holding that evidence of partial payments on account of damages may be introduced in order to reduce the amount of recovery to which a plaintiff is entitled. Wooldridge v. Scott County Milling Co., Mo.App., 102 S.W.2d 958. However, we do not consider

that such evidence would be required to be introduced in this case. The trial would establish the amount of damages to which the Dranes would be entitled in order to make them whole. They would be entitled to only one satisfaction of that amount. Abbott v. City of Senath, Mo.Sup., 243 S.W. 641, 642. Therefore, it would be proper, in garnishment or other proceedings to enforce appellant's claimed liability, to consider the effect of the payments received by the Dranes upon appellant's obligation to pay the judgment or a portion thereof. Although the agreement does not recite that the payment of $11,000 was in partial satisfaction of the Dranes' claims, it cannot realistically be considered otherwise. See Comments, 24 So.Cal.Rev. 466, 476.

Therefore, in the garnishment proceeding, appellant should be entitled to have such payment considered as partial satisfaction of the Dranes' claims and its obligation determined in the light thereof, and in the light of the nature and extent of the coverage afforded under the policies of appellant and MFA. A determination in such proceeding of the effect upon appellant's obligation of the payment already made to the Dranes would obviate the necessity of introducing the agreement at the trial of the Dranes' claims for damages.

Insofar as appellant's contention that the Dranes, in their lawsuits, might use the agreement as an admission of liability on the part of Durk and Jensen is concerned, the petition does not allege that the Dranes are contending that the agreement may be used for such purpose. In their brief in this court, respondents do not contend that the agreement may be so employed. In such circumstances, we will not pass upon its use for such purpose as producing a violation of the cooperation clause of appellant's policy issued to Durk. We do note that the agreement contains no express admission of liability on the part of Durk and Jensen. In view of the obligation of Durk and Jensen to cooperate with both MFA and appellant, we cannot say that the mere

fact of entering into the agreement constituted a breach of the cooperation clause of appellant's policy.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.