# INTERAMERICAN CAR RENTAL, INC., et al. v SAFEWAY INSURANCE COMPANY, etc.

### Case No. 89-142 AP

Eleventh Judicial Circuit, Dade County

May 10, 1990

## APPEARANCES OF COUNSEL

**Ainslee R. Ferdie, Esquire,** for appellants.

**Gary Kornfield, Esquire,** for appellee.

Before SALMON, ROTHENBERG, CARDONNE, JJ.

## OPINION OF THE COURT

SALMON, J.

This appeal arises from a judgment entered in the second law suit filed as the result of one automobile accident. The basic question

involved is whether the first suit acts as a bar to the second suit. We believe it does, and reverse.

An automobile owned by Clara Wallace ("Wallace"), driven by Harriet Denise, and insured by Safeway Insurance Company ("Safeway"), collided with an automobile owned by Interamerican Car Rental, Inc. ("Interamerican"), and driven by Michael Jones.

Interamerican filed the first suit, seeking damages for repairs to and lost use of its vehicle. Wallace, the owner, and Denise, the driver of the other car, were named as defendants. Neither defended the action, defaults were entered, and on January 12, 1988, judgment was entered in favor of Interamerican. Safeway was not a party to that action.

As a result of the accident, Safeway paid its insured Wallace for the repair costs to her car, and, as subrogee of Wallace, filed the action from which this appeal arises against Interamerican and Jones. Interamerican contends that Wallace was required to file a compulsory counterclaim in the first suit. Because she failed to do so, Interamerican claims that she and her subrogee are barred from filing the second action, because Safeway can acquire no greater right than its subrogor had.

Wallace's claim to which Safeway was subrogated was a compulsory counterclaim in the first suit. We do not understand that Safeway disputes that contention; its position is that it is not bound by the doctrine of res adjudicata because of the absence of the element of identity of the parties. We find that Safeway was Wallace's privy for the purpose of res adjudicata and was barred. *Allstate Insurance Company v Warren,* 125 So.2d 886 (Fla. 3d DCA 1961).

Appellee also relies heavily upon *Rosenthal v Scott,* 150 So.2d 433 (Fla. 1963) to sustain the judgment. That case holds that causes of action may be split between the insured and the insurer in regard to a property damage and a personal injury claim, a proposition to which all parties agree. But that is not the problem in this case. The first action was for property damage to one automobile involved in the accident; so is the case involved in this appeal. No splitting of causes as involved in the *Rosenthal* case is involved in this case.

Reversed and Remanded with directions to vacate the Final Judgment and dismiss the action in accordance with appellants' motion to dismiss.

ROTHENBERG and CARDONNE, JJ., concur.