FRANKLIN S. HAYES, Defendant in Error, v. CONTINENTAL CASUALTY COMPANY, Plaintiff in Error.

### Kansas City Court of Appeals, February 16, 1903.

1. **Trial Practice: VARIANCE: AFFIDAVIT: STATUTE.** Under the statute no variance is material unless its misleading character is shown by the affidavit of the adverse party.

2. **Contracts: IMPOSSIBLE PERFORMANCE: INSURANCE: NOTICE.** Where a party by his contract creates a charge upon himself he must make it good notwithstanding any accident, because he might have provided against such accident by his contract; but the provision in an accident insurance policy for notice of injury does not apply to a case where the accident renders the insured unconscious and unable to give the notice, since the policy does not provide for such a case.

3. **Accident: INJURY: CARE OF PHYSICIAN: INSTRUCTIONS.** An accident policy provided for indemnity only while the injured person was under the care of a physician. Where such party was under such care for only part of the time, such fact would not defeat his recovery, but he could only recover for such time as he was under such care, and certain instructions on this subject are considered and condemned as conflicting.

4. **Trial Practice: MISCONDUCT OF COUNSEL: READING LAW REPORT.** Counsel in an argument to the jury undertook to read from a law report, when the court caused him to desist and instructed the jury to disregard what he had read. *Held*, the court's action was right and the practice condemned as likely to produce reversals of judgments.

Hayes v. Continental Casualty Co.

5. **Insurance:** DEFINITION: STRICT CARE: INSTRUCTION. "Strict care" in an insurance policy relating to the professional services of a physician, has no technical significance, and need not be defined in an instruction to the jury.

6. ———: PROOFS OF LOSS: DENIAL OF LIABILITY. Where an insurance company denies its liability in toto, proofs of loss are not necessary.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

· *W. F. Allen & J. E. Trogdon* for plaintiff in error.

(1) Where the contract of insurance provides that the amount shall be payable after "due notice and proof thereof," no action can be maintained until after the notice is given and the required proof furnished; for the liability of the insurer does not become absolute unless the preliminary proof, as required by the conditions of the contract of insurance, is obtained. Bacon on Benefit Societies and Life Insurance, sec. 410; Burnham v. Ins. Co., 75 Mo. App. 399; Cohn v. Ins. Co., 62 Mo. App. 276; Albers v. Ins. Co., 68 Mo. App. 545; Summers v. Ins. Co., 45 Mo. App. 51. (2) Where a contract is made between the parties, they are bound by it even though the act of God intervenes, unless there is a condition or qualification providing against it. Whitemore v. Sills, 76 Mo. App. 251; Beatie v. Coal Co., 56 Mo. App. 221; Brinkerhoof v. Elliott, 43 Mo. App. 185. (3) Contracts of insurance should be construed and interpreted by the same principles governing other contracts. Renn v. Supreme Lodge, 83 Mo. App. 446; Brewing Company v. Ins. Co., 63 Mo. App. 666; Renshaw v. Ins. Co., 103 Mo. 604. (4) The court erred in refusing to define the term "under the strict care of a legally qualified surgeon" as asked by instruction number nine, by defendant and after having refused instruction number eight offered by defendant defining said term. Quirk v. Elevator Co., 126 Mo. 293; Warder v.

Henry, 117 Mo. 545; Lovelace v. Ins. Co., 126 Mo. 104; Hester v. Ins. Co., 69 Mo. App. 193.     (5)     The court erred in permitting plaintiff's attorney to read a law book to the jury.     Heller v. Pub. Co., 153 Mo. 216.

*J. W. Gillespie* for defendant in. error.

(1)     Forfeitures are not favored by the law.     Ins. Co. v. Walker, 60 S. W. 820; Screwmen's Ben. Assn. v. O'Donohoe, 60 S. W. 684; Ins. Co. v. Heflin, 60 S. W. 394; Ins. Co. v. Unsell, 144 U. S. 439; Ins. Co. v. Kearney, 21 U. S. 326.     (2)     It was not necessary to define the words "under the strict care of a legally qualified surgeon," as they are used in the contract of insurance in their usual and conventional sense.     Warder v. Henry, 117 Mo. 545.     (3)     The plaintiff was entitled to an instruction to the effect that he would be excused from a strict compliance with the condition of the policy requiring notice of his injuries within ten days after the accident occurred, if he was rendered unconscious or mentally incompetent by such injuries and remained in that condition for six or seven weeks, and if he, under all the facts and circumstances in proof, exercised due diligence in giving such notice after he recovered his senses.     The question of due diligence being for the jury.     Indemnity Co. v. Fletcher, 5 Ohio Rep. 633; Kentzler v. Mutual Ass'n, 88 Wis. 584.     (4)     If the proof of injuries made by plaintiff were informal, then the acts of defendant after the receipt by it of such informal proof, dispensed with any further proof on the part of plaintiff.     Kautrener v. Ins. Co., 5 Mo. App. 581.     (5)     It is not correct to say that the attorney for plaintiff was "permitted" to read from a law book. The trial court expressly excluded from the jury what had been read and summarily stopped the reading, and the attorney promptly withdrew all he had read.

BROADDUS, J.—This is an action on a policy of insurance against accident and sickness made by the Northwestern Benevolent Society to the plaintiff on the 16th day of June, 1900. The defendant is the successor of said Northwestern Benevolent Society. By said policy the plaintiff was insured against loss by accident or sickness and in case of immediate or total disability by reason of injury suffered by him, so as to cause total loss of time and wholly prevent him from attending to or engaging in any business or occupation, a benefit of forty dollars per month, or at that rate for any part of a month should be paid to him for such total disability, and also a partial indemnity at one-fourth of said monthly rate for loss of time, by reason of a material but not a total disability not resulting immediately after an accident; provided that the total of time for which indemnity shall be paid, for any one disabling injury shall not exceed one year, and only while the insured is under the strict care of a legally qualified surgeon. As the suit was instituted in a justice's court defendant filed no answer, but judging from what appears in the record it denies all liability. The only evidence of the manner of plaintiff's injury which he claims occurred on the 15th day of October, 1900, in the State of Texas, was his own. His statement was that he got on a freight train at Dallas for the purpose of going to Hearne, Texas; that when the train got somewhere between forty and seventy-five miles from Dallas the engine gave out at night on a curve at which time he heard a passenger train coming and apprehending danger of a collision he jumped off into a ditch about eight feet deep; that in alighting he was injured in his breast and ankle; and that afterwards he did not know what happened; that he was taken out of the ditch by some one unknown to him, and taken to a farmhouse where he stayed about six or seven weeks. He says that then he still did not know anything—did not know where he was. He states that after he halfway came to his senses he thought of his

wife and then he wanted to come home. He then came home and went to bed, after which, he went to sleep but awakened and said he did not know where he was—that he talked to his wife and did not know that he was talking to her, and did not know his whereabouts; and that he got home on the last day of November, but he was not positive. This examination showed that he was uncertain as to the date of events if he was not simulating forgetfulness. It was shown that on the 1st day of December the defendant's agent went to plaintiff's home and received from plaintiff's wife payment of existing dues, at which time said agent was aware of plaintiff's condition. Up to this time plaintiff had given to defendant no notice of his injury and loss, and he states his reason for not so doing in the following language, viz.: "Well, I didn't have any papers with me. I was unconscious. I didn't know that I was insured, really." The defendant asked to have the statement of plaintiff stricken out for the reason that he had not provided against such a contingency in his contract as an excuse for not giving notice as required by the policy. The court refused defendant's request. Plaintiff further testified that he was at home a week or so before he recovered his mind; that in a day or two thereafter he gave defendant notice of his injury by the accident; that he made out his proof of loss upon a blank furnished to him by a Mr. Beedle, defendant's agent in Kansas City; and that he had no physician at any time until after he arrived home from Texas. Plaintiff's report of his injury was sent to the company by defendant's said agent Beedle on December 12th. On the 24th day of December, 1900, the defendant company notified the plaintiff in writing that it would not allow his claim for the reason that he had not filed in its office within ten days after the happening of the accident a report thereof.

The defendant introduced several physicians at the trial whose testimony was to the effect that while

plaintiff's injuries may have caused unconsciousness, it would not have lasted for the length of time claimed by him. It also introduced the evidence of railroad officials, the purport of which was that there had been no wreck on the road named by the plaintiff at the time he designated. In regard to this evidence of the physicians, we need only say that it was a question for the jury to determine whether it would believe them or the plaintiff. The evidence of the railroad officials may have been, and doubtless was true in every respect, yet it is not to be taken as overturning that of plaintiff for he did not say that he was in a wreck, but that he jumped under the impression that a wreck was impending.

Defendant contends mainly that the plaintiff was not entitled to recover for the following reasons, viz.: first, because he did not give defendant written notice within ten days after the happening of the accident and make his proof of loss as required by the terms of the policy; second, because he did not have a surgeon in strict attendance upon himself during the time of his injury; third, because the allegations of the petition are that he was injured in a railroad wreck, whereas the proof shows that there was no such wreck at the time.

The latter objection only amounts to a variance between the proof and the allegations of the petition, to which defendant should have called the attention of the court at the time, as provided by section 655, Revised Statutes 1899; and having failed to do so, it has waived all error in that respect.

In Whittemore v. Sills, 76 Mo. App. 248, this court held: "While the law never imposes upon any one the duty to perform what is impossible, it allows people to enter into contracts as they please and the interference of third persons will not excuse performance." And that, "when the law creates a duty and the party is disabled to perform it, without any default in him, and he has no remedy over, the law will excuse him. But when a party by his own contract, creates a charge or duty

upon himself, he is bound to make it good, if he may, notwithstanding any accident, by inevitable necessity, *because he might have* provided against it by his contract.'' The court citing Davis v. Smith, 15 Mo. 467, Harrison v. Railroad, 74 Mo. 364.

It was one of the conditions precedent to plaintiff's right of recovery that he should give the requisite notice of the accident within ten days after the happening thereof. This was not done in this case because plaintiff's evidence tended to show that he was rendered incapable of complying with that condition of his policy by reason of his mental incapacity caused by the accident itself. The plaintiff contends, and we think justly, that the foregoing rule does not apply to a case of this kind, for it certainly was not in the contemplation of the parties that if the accident for which the indemnity was provided should render the insured incapable of giving such notice that thereby defendant would escape liability. It is a rule of law in this State that ''Forfeitures in insurance policies are not favored and conditions which effect such forfeitures should be strongly construed against the party making them.'' And it was held that where ''an accident policy provided that in case of an injury totally disabling insured from carrying on his work, notice of the accident should immediately be given the company, and in case such injuries caused the death of the injured, notice should be given in like manner, that it was not necessary where the injuries caused death but did not totally disable the insured at the time from working, to give notice of the time it occurred, as the policy omitted to provide for any such notice.'' McFarland v. Accident Ins. Co., 124 Mo. 204. The case under consideration is similar on principle, as the policy fails to provide for such a condition as that which resulted to the plaintiff from the accident itself.

It was one of the conditions imposed by the by-laws of the defendant and which the plaintiff accepted as a

part of his contract of insurance that no indemnity would be paid the insured on account of any sickness or disability, except for such time as he might be under the professional care of a physician or surgeon, which in case of injury should date from the first employment for professional purposes to the last call made by such surgeon. There was evidence that there was a physician or surgeon, in attendance upon plaintiff for only a part of the time for which he recovered indemnity. Whereas that fact would not preclude plaintiff from recovery under his proof, he should not be entitled to recover for the loss of time in which he had no surgeon as he was permitted to do.

It is true that the court at the instance of defendant gave instruction number four which limited his right to recover for only such time as he was under the strict care of a qualified surgeon but the court also gave instruction number four on behalf of plaintiff allowing him to recover for the entire time he was wholly prevented by his injuries from engaging in business. This is claimed as prejudicial error and no doubt was, as the action was commenced in January, 1901, less than two months from the time that the plaintiff first had the care of a surgeon, whereas plaintiff recovered for the sum of $120, which amounted to an indemnity under the policy for a period of three months. The jury evidently disregarded defendant's instruction, which was the law, and followed that of plaintiff, which, as we have seen, was not the law of the case.

During the argument to the jury the counsel for plaintiff was reading from a law report an extract from a decision when defendant's counsel objected to his action in so doing, whereupon the court after ascertaining that the book in question was a law report caused the said counsel to desist from further reading from said report, and instructed the jury to disregard what it had already heard. The court did all that could be done

under the circumstances, and it is more than probable that the jury was not influenced by such conduct upon the part of plaintiff's counsel; yet such a course of practice is not to be encouraged, as it might impose upon the court the duty in some instances of reversing a cause.

The defendant asked the court to define the term "strict care" as used in the policy, as "immediate care," which the court refused because the definition would not enlighten the jury in that respect. The term "strict care" has no technical significance, but is to be interpreted as the language is usually understood.

The defendant contends that plaintiff should have been required to prove that he made proper proof of loss of time, as a condition precedent to his right of recovery. As it was shown that defendant upon receiving notice of the accident in question denied all liability under the policy, it waived such proof. The law does not require the doing of an unnecessary act. Hoffman v. Acc. Ins. Co., 56 Mo. App. 301. The further point is made that it was not proved that the defendant had assumed the liabilities of the Northwestern Benevolent Society. As this proof can be supplied on a trial anew it has no significance at present. For the reasons given, the cause is reversed and remanded. All concur.