## SCINSKI, Respondent, v. GREAT NORTHERN LIFE INSURANCE CO., Appellant.

(No. 7,845.)

(Submitted November 15, 1938. Resubmitted January 11, 1939. Decided January 23, 1939.)

[86 Pac. (2d) 749.]

*Mr. P. E. Geagan,* for Appellant, submitted a brief, and argued the cause orally.

Mr. *H. L. Maury* and Mr. *A. G. Shone*, for Respondent, submitted a brief; Mr. *Shone* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

Plaintiff, the insured, brought this action against the defendant insurance company in the District Court of Silver Bow County to recover under a policy of accident insurance. He suffered injury by accidental means while employed in a mine. Under certain provisions of the policy the insured was to receive monthly payments during a period not to exceed thirty months, while he was disabled due to accidental injury and other enumerated causes. Certain monthly payments were made to the insured, and this action was brought to recover additional monthly payments.

Insured was injured on January 6, 1936, and monthly payments under the contract were made to him by the insurance

company up to the 6th of October, 1936. Suit was brought in August of 1937 and is for monthly payments from the 6th of October, 1936, to the time of the commencement of the suit. By instructions to the jury, the trial court limited the jury to a consideration of the period from the 6th of October, 1936, to and including the month of May, 1937. The jury found for the insured, but, in conformity with the instructions of the court, limited the award to the period covered by the instructions mentioned above. A motion for new trial was made by the insured, based on errors of law occurring in the trial, and the motion was granted. This appeal is from the order granting a new trial.

The portion of the policy which is important here reads as follows:

"Total Disability. (a) If 'such injury' shall not result in any of the losses enumerated in Part II, but shall, independently and exclusively of all other causes, immediately, continuously and wholly disable and prevent the Insured from performing any and every kind of duty pertaining to any occupation or business, the Company will pay, for the continuous period of loss of time caused thereby, not exceeding thirty (30) consecutive months, accident indemnity at the rate per month specified in Part I;

"Partial Disability (b) Or, if 'such injury' shall immediately and continuously disable and prevent the Insured from performing one or more important daily duties pertaining to his occupation or business, either from date of accident or following total disability, the Company will pay for the continuous period of loss of time caused thereby, not exceeding six (6) consecutive months, accident indemnity at one-half the rate per month specified in Part I; Provided, that indemnity under this Part III shall not be payable for disability resulting from any loss specified in Part II; nor for any period during which the Insured is not under the regular professional attendance and treatment of a legally qualified physician or surgeon."

From the record and from the briefs and argument of counsel, the question upon which the result of this appeal turns is as

to whether or not the court erred in instructing the jurors that they could not consider the months of June and July, 1937. The effect of these instructions was to say, as a matter of law, that the insured could not recover for these two months because he was not, in compliance with the terms of the policy, under the regular care of a legally qualified physician or surgeon.

There is some conflict between the testimony of two witnesses ██ as to whether the insured was being regularly treated by the physician during these two months. The testimony of the insured is to the effect that he visited the doctor's office at least once in each of these two months; that the doctor examined him on one of these occasions very thoroughly; that each time the doctor asked him how he was; that the doctor suggested to him that he take certain steam baths, and that during the two months in question the insured took these steam baths regularly. The doctor's testimony is to the effect that he did not recall treating the insured during these two months, but that he did recall the insured coming to his office intermittently during this time, and it appears that the doctor did sign a certificate as to his disability in each of the two months.

Whether the insured was "under the regular professional attendance and treatment of a legally qualified physician or surgeon" as provided by the contract, under the testimony in this case was a question of fact that should have been submitted to the jury. In all of the cases cited by the insurance company, where awards of lower courts were reversed because the insured was not under the care of a physician, under policies with a provision like the one here in question, the facts differed greatly from the facts here.

In the case of *Lustenberger* v. *Boston Cas. Co.*, (Mass.) 14 N. E. (2d) 148, 115 A. L. R. 1055, the plaintiff, insured under a contract similar to this one, was told by the doctor to massage and move his wrist, which he did, but the record in that case shows that he visited the physician only once in one eighteen-months period, and that he only visited him during one month in another ten-months period. The court goes on to say in that

case that what constitutes regular care depends on the facts of the particular case, including the nature of the injury and the good to be accomplished by the care given by the physician. To like effect, see *Bryant* v. *Metropolitan Life Ins. Co.*, 147 N. C. 181, 60 S. E. 983; *Hewy* v. *Metropolitan Life Ins. Co.*, 100 Me. 533, 62 Atl. 600.

In *Hayes* v. *Continental Cas. Co.*, 98 Mo. App. 410, 72 S. W. 135, the record shows that the insured was allowed recovery from the date of the injury, even though he did not consult a physician at all until some months after the injury, and the appellate court properly reversed the award. (See, also, *Great Northern Cas. Co.* v. *McCollough*, 96 Ind. App. 506, 174 N. E. 103; compare *Hunter* v. *Federal Cas. Co.*, 199 App. Div. 223, 191 N. Y. Supp. 474; *National Life Ins. Co.* v. *Patrick*, 28 Ohio App. 267, 162 N. E. 680.)

The question whether the insured was under the care of a physician during the months of June and July, 1937, should have been left to the jury, and the giving of the instructions excluding these months from consideration was erroneous, and the new trial was properly granted.

The order granting the new trial is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and STEWART concur.