FRIEDA A. SCHOEN, Guardian of the Person and Curator of the Estate of THEODORE A. G. SCHOEN, Appellant, v. AMERICAN NATIONAL INSURANCE COMPANY.—No 38488.—180 S. W. (2d) 57.

Court en Banc, April 3, 1944.

Rehearing Denied, May 2, 1944.

936

*J. Grant Frye* and *J. L. London* for appellant.

*Fordyce, White, Mayne, Williams & Hartman, Walter R. Mayne* and *Rush H. Limbaugh* for respondent.

938

*Jones, Hocker, Gladney & Grand* and *Vincent L. Boisaubin, amici curiae.*

944

946

*Phineas Rosenberg* and *J. L. London, amici curiae.*

*Henry I. Eager, amicus curiae; Kenneth E. Midgley* and *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

948

HYDE, J.—This is an action on an insurance policy for disability benefits (Count 1) and to recover premiums paid (Count 2) after commencement of disability. Plaintiff had a verdict on both counts, for the full amount claimed but later entered a remittitur to cover the six months waiting period of the policy and certain items of interest. The court sustained defendant's motion for new trial on the grounds that it should have directed a verdict for defendant and because of error in plaintiff's instructions. (However, the same legal question is involved on all grounds.) Plaintiff has appealed from this order.

The appeal went to the St. Louis Court of Appeals but the case was certified here on dissent. [Schoen v. American National Ins. Co., 167 S. W. (2d) 423.] We adopt the statement of facts (agreed by stipulation and shown by evidence) appearing in the majority opinion and make reference thereto for all facts not herein stated.

The question presented is whether or not plaintiff (guardian of insured) can recover under the disability provisions of the policy ▮▮▮ for any of the period between January 1, 1938 (when it is claimed insured became totally and permanently disabled by reason of insanity) and January 15, 1941, when proof of disability was submitted to defendant.

The policy contained the following provisions:

"(Page one)  Subject to the conditions and provisions set forth under this heading on page two thereof, the company will grant Benefits for Total Permanent Disability as follows:

"Waiver of Premium—The Company will during the continuance of such disability, waive payment of each premium as it thereafter becomes due, commencing with the premium due on first policy anniversary after receipt of said due proof of disability.

"Life Income to Insured—Six months after the receipt of said due proof of disability the Company will pay to the Insured, if then living and such disability still continued, the sum of Twenty-five Dollars, and a like sum monthly thereafter during the life of the Insured and the continuance of said Insured's disability."

"(Page two)  The Company will grant the benefits for total permanent disability set forth on page one hereof only after one full year's premium shall have been paid and before default in the payment of any subsequent premium hereon *if the Insured,* prior to the policy anniversary nearest the date of attaining the age of sixty years and while this Policy is in full force, *shall furnish due proof* to the Company at its Home Office that said Insured has become totally and permanently disabled by bodily injury or disease, so that said Insured is, and presumably will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability has then existed continuously for not less than sixty days, no benefits for such total permanent disability to accrue however prior to the submission of due proof as above provided.

"Although the proof of total permanent disability may have been accepted by the Company as satisfactory, *the Insured shall* at any time thereafter, and from time to time, but not oftener than once a year on demand, *furnish to the Company due proof* of the continuance of such disability, and *if the Insured shall fail to furnish such proof,* or if it shall appear to the Company that the Insured is able to perform any work or follow any occupation whatever for compensation, gain or profit, no further premiums shall be waived and no further income shall be paid. . . .

"Although the proof of total permanent disability may have been accepted by the Company as satisfactory, *the Insured shall* at any time thereafter, and from time to time, but not oftener than once a year

on demand, *furnish to the Company due proof* of the continuance of such disability, and *if the Insured shall fail to furnish such proof,* or if it shall appear to the Company that the Insured is able to perform any work or follow any occupation whatever for compensation, gain or profit, no further premiums shall be waived and no further income shall be paid. . . . *The additional premium stated* on page one hereof *in consideration of which these disability benefits are granted,* is payable until the prior termination of the provisions of these benefits. The premium stated on the face of the Policy *includes such additional premium,* and the premium payable, if any, after the provision for these benefits terminate with will be the premium stated on the face of the Policy less the amount of such additional premium." (Our italics.)

It is apparent that these provisions literally mean that the insured himself must furnish proof of disability due to his insanity; and so, if he becomes so disabled, and his insanity continues until after he reaches the age of sixty, he could never collect any disability insurance even though all premiums had been paid throughout the whole period. Cases cited in the dissenting opinion in the Court of Appeals (167 S. W. (2d) 1. c. 430) would uphold this result but it is not the majority rule. [See Mutual Life Ins. Co. v. Johnson, 293 U. S. 335, 55 S. Ct. 154, 79 L. Ed. 398, affirming (U. S. C. C. A. 4th Cir.), 70 Fed. (2d) 41; notes 142 A. L. R. 852, 68 A. L. R. 1389.] It is argued that a guardian or relative could furnish the proof of disability. While that might be accepted, it would be by the company's voluntary waiver or by the court's insertion of such an exception by construction. The policy is a contract between the company and the insured and the requirement for such proof is a duty imposed upon him. Thus the policy literally requires an impossibility in case of disability due to insanity. Therefore, while the policy insures disability due to insanity, if literally ▮▮▮ construed and enforced no such insurance could ever be collected. It seems reasonable as suggested in the opinion by Justice Cordozo in the Johnson case, that there might be "a liberal construction of a requirement that is merely modal or procedural", so that "the insurer will not be deemed, in respect to matters of that order, to have exacted the impossible." At least, many courts have held that impossibility excuses literal compliance.

In Harris v. Pacific Mut. Life Ins. Co. of California, 137 Fed. (2d) 272, plaintiff, as administratrix, brought suit on a policy with provisions similar to those herein involved. No proof of disability had ever been given the company prior to the death of the insured. Recovery was sought for a period beginning October 1, 1933 when it was claimed insured's disability began to the date of his death in 1937. Plaintiff contended that the insured's failure to furnish due proof was caused by his mental incapacity which made it impossible for him to do so. The trial court overruled this contention and dismissed the

complaint. The Court of Appeals reversed this judgment of dismissal and remanded the case for trial, saying: "The sole question presented is whether failure to furnish due proof of total and permanent disability of the insured is excused when such disability renders him unable to furnish such proof. . . . The furnishing of due proof of disability was a condition precedent to the Insurance Company's obligation to waive the payment of future premiums and to pay the disability benefits, but it was not the event insured against. It was a condition imposed to protect the Insurance Company against spurious claims. The insured had incurred total and permanent disability, the risk insured against; inability to furnish such proof grew out of that disability; and to deny recovery would work a forfeiture. Impossibility that would discharge the duty to perform a promise excuses a condition precedent if the existence or occurrence of the condition is no material part of the exchange for the promisor's performance and the discharge of the promisor will operate as a forfeiture. Under the holdings of most of the American courts, the facts here alleged would excuse performance of the condition precedent." [Citing Williston on Contracts, Rev. Ed., Vol. 3, Secs. 676, 808; Restatement of Contracts, Sec. 301(b); Johnson v. Mutual Ins. Co. (U. S. C. C. A. 4th Cir.), 70 Fed. (2d) 41, 44, 45.]

We consider this to be sound reason and good law. It is argued that the provision for waiver of premiums is a part of the consideration because it provides an additional way to pay premiums. However; the payment of the life insurance part of the premium is only a part of the "Benefits for Total Permanent Disability" according to this provision of the policy itself. It has long been the rule in this state on accident and health policies that impossibility excuses failure in furnishing a required notice of disability. [Hayes v. Continental Casualty Co., 98 Mo. App. 410, 72 S. W. 135; Roseberry v. American Benevolent Assn., 142 Mo. App. 552, 121 S. W. 785; Hayes v. Equitable Life Assur. Assn., 235 Mo. App. 1261, 150 S. W. (2d) 1113; Magill v. Travelers Ins. Co. (U. S. C. C. A. 8th Cir.), 133 Fed. (2d) 709.] Defendant, and amici curiae, seek to put accident and health policies in a separate classification. But what is disability insurance? Surely it is and can be only a form of accident and health insurance. When it is combined with life insurance, as here, the insured pays an additional separate premium for it. The disability it insures against could only result from accident or ill health. The lack of any real basis for such distinction is made plain by Section 5800, (this and all other references are to R. S. 1939 and Mo. R. S. 1939 and Mo. R. S. Ann.) which authorizes incorporation of life insurance companies with authority to provide "weekly or other periodic indemnity for disability occasioned by accident or sickness to the person of the insured." Surely this was intended to authorize all forms of disability insurance. (Section 6003 authorizes licensing of foreign

insurance companies and Section 6004 requires compliance "with all provisions of the laws of this state governing the business of insurance.") While the disability insurance, herein involved, is more limited in character than other forms of accident and health insurance, what is insured in all of them is loss resulting to the insured from his own sickness or accidental injury. In either case, the event which causes the loss to the insured, is the occurrence of an accident or the beginning of a period of illness and not the giving of notice. We see no good reason why the same rules should not apply to impossibility of performance of provisions for notice.

The order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon, for plaintiff, less the amount of remittitur.

All concur except *Gantt, J.*, who concurs in result only.