HENRY HAINES, Appellant, v. BEN E. HARRISON, Administrator of the Estate of GERALD THOMAS HARRISON, Deceased, and THE INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.—No. 40484.—211 S. W. (2d) 489.

Division Two, May 27, 1948.

*James M. Tatum* and *Ruark & Ruark* for appellant.

*Bond & Bond, Ray Bond* and *John S. Bond* for respondents.

958

[490] WESTHUES, C.—The trial court sustained a motion filed by the defendants to dismiss plaintiff's petition on the ground that no cause of action was stated. From the judgment entered plaintiff appealed. Appellant's brief contains a concise and fair statement of the case and the issues presented. We are adopting said statement in toto. It reads as follows:

"Plaintiff's petition prayed damages in the sum of Eleven Thousand Dollars ($11,000) against the defendants for injuries alleged to have been received by him on account of the negligence of one G. T. Harrison in the operation of a motor vehicle. The original policy of insurance was issued to Ben E. Harrison on the 7th day of December, 1945. It contained two endorsements of automobile transfers, one dated December 13, 1945, and one dated September 18, 1946. The petition alleges that while such policy was in force, to-wit, on the 29th day of November, 1946, G. T. Harrison was operating the designated automobile with permission of the named insured and that while doing so he, by his negligent acts, occasioned the collision wherein plaintiff suffered injuries. G. T. Harrison, the driver, sustained mortal injuries and died as the result of such collision before suit could be filed. Suit was brought directly against Ben E. Harrison, administrator of the estate of G. T. Harrison, and the Indemnity Insurance Company of North America, the insurer.

"Appellant raises only one issue, which is based upon the following contentions, to-wit:

"That the contract of insurance was one of liability irrespective of the no-action clause, and hence liability under the policy contract attached immediately upon the occurrence of the injury. That the injured party (appellant) was a beneficiary under this contract, and if action and judgment against the insured be considered a contractual condition precedent under the no-action clause, such is analogous to proof of loss requirements and conditions, which, when impossible of performance, will not be considered prerequisite to relief.

"Pertinent portions of the policy contract under consideration are as follows:

"INSURING AGREEMENTS

I. Coverage A—Bodily Injury Liability.

"To pay on behalf of the insured all sums which the insured shall become obligated to [491] pay by reason of the liability imposed upon him by law for damages, including death at any time resulting therefrom, sustained by any person or persons, caused by accident arising out of the ownership, maintenance or use of the automobile.

II. Defense, Settlement, Supplementary Payments.

"As respects such insurance as is afforded by the other terms of this policy under coverages A and B the company shall

"(a) Defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent;

III. Definition of 'Insured'.

"The unqualified word 'insured' when used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured.

"CONDITIONS

B. Financial Responsibility Laws

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

G. "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

"Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of its obligations hereunder."

Appellant, under points and authorities, contends that the contract of insurance in this case is one of liability as distinguished from indemnity, despite the non-action clause contained in the policy; that liability to the beneficiaries arose at the time of the occurrence of the injury. A number of cases are cited, for example, Brucker v. Georgia Casualty Co., 32 S. W. (2d) 1088, 326 Mo. 856, wherein this court held that a contract of insurance, similar to the policy here in question, was a contract against liability rather than indemnity. We therefore proceed on the theory that the policy in question is a contract against liability as distinguished from indemnity. 44 C. J. S. 481, sec. 24; Pennsylvania Casualty Co. et al. v. Phoenix, 139 Fed. (2d) 823. It may also be conceded that liability on the policy arose as of the time of the occurrence of the injury. To best illustrate what we mean to say take the example of a case where the policy expired or was canceled the day after injury was inflicted and the injured party later secured a judgment for damages against the tort-feasor, the party holding the judgment would be entitled to institute proceedings against the insurer to have the judgment satisfied to the extent of the liability stated in the policy. Hocken v. Allstate Ins. Co., 235 Mo. App. 991, 147 S. W. (2d) 182, 1. c. 187 (4); 36 C. J. 1096, 45 C. J. S. 1050, sec. 930; Sec's. 6009, 6010, R. S. Mo. 1939, Mo. R. S. A.

Appellant says that he, as the injured party, was one of the beneficiaries under the insurance contract and therefore entitled [492] to maintain an action against the insurance company. There is no doubt that if appellant had secured a judgment against the tort-feasor he could have instituted proceedings to compel the insurer to satisfy the judgment to the extent of the liability in the insurance contract. Cases and statutes cited, supra; also, Yeats v. Dodson, 345 Mo. 196, 127 S. W. (2d) 652; Homan v. Employers Reinsurance Corp., 136 S. W. (2d) 289, 345 Mo. 650, 127 A. L. R. 163. The right to compel the insurer to pay is based upon the theory that liability has been established and that the insurer, by its contract, is obligated to the insured to pay the judgment. Sec. 6010, supra.

Now we come to the vital question in this case. Appellant says that because of the death of the tort-feasor it is impossible for him to secure a judgment against such tort-feasor and therefore he has a right to sue the insurer to establish liability. It is urged that since the condition of securing a judgment against the tort-feasor is impossible of performance it ought not be required, citing Yeats v. Dodson, 345 Mo. 196, 127 S. W. (2d) 652; Schoen v. American Nat. Ins. Co., 352 Mo. 935, 180 S. W. (2d) 57; Strauther v. General American Life Ins. Co., 141 S. W. (2d) 128. It is also contended that securing a judgment against the tort-feasor is merely a mode of proof of loss, citing Hocken v. Allstate Ins. Co., 235 Mo. App. 991,

147 S. W. (2d) 182; Ocean Accident and Guar. Corp. v. Southwestern Bell Tel. Co., 100 Fed. (2d) 441.

The administrator of the estate of the tort-feasor was made a party defendant. This was improper because no suit having been filed against the tort-feasor before his death the alleged cause of action in tort did not survive. Sec. 3670 R. S. Mo., 1939, Mo. R. S. A., has been so construed on a number of occasions. Heil v. Rule, 327 Mo. 84, 34 S. W. (2d) 90; Johnson v. Frank, 354 Mo. 767, 191 S. W. (2d) 618, 1. c. 623 (7); 1 C. J. S. 197, Sec. 144. In Johnson v. Frank this court held that an administrator or an executor of an estate has no power to consent or waive the abatement of a cause of action in tort; also, that a circuit court has no jurisdiction over the subject matter. Therefore, as against the defendant, the administrator in the present case, plaintiff had no cause of action and it was properly dismissed as to him.

Can the action of appellant be maintained against the defendant insurance company under such circumstances? We are of the opinion that it cannot. A contract of insurance, as in this case, provides that the insurer will pay, on *behalf* of the insured, such sums *which the insured* shall become obligated to pay by reason of the *liability imposed upon him by law* for damages. The contract further provides that such payments will not be made unless the conditions of the policy have been complied with. One of these conditions is that the claim must be reduced to judgment unless the insurer shall agree in writing to pay without obtaining such judgment. In this case, by the death of the insured, the cause of action was abated. The insurer can no longer pay on behalf of the insured or his estate because by the law there is no liability imposed upon him or his estate. The insurer, under a contract of this nature, becomes liable to third persons through the insured. The general rule is, that if the insured cannot enforce payment then the third person cannot. For example, if the insured fails to comply with certain provisions of the policy the insurer's liability ceases and no recovery can be had under the policy by an injured person holding a judgment against the insured tort-feasor. Hynding v. Home Acc. Ins. Co., 214 Cal. 743, 7 Pac. (2d) 999, 85 A. L. R. 13; Seaton v. Pickens, 87 S. W. (2d) (Tex.) 709, 106 A. L. R. 512, 1. c. 515, also cases cited in note (e) 106 A. L. R. 532. The law seems to be that such a contract is between the insurer and the insured. Absent fraud, any occurrence which terminates the liability of the insurer to the insured also terminates the rights of third persons claiming under the policy. Appleman Insurance Law and Practice, vol. 8, page 189. No action can be maintained in this state against the insurer to recover damages for the tort of the insured if the insured is living. Taverno v. American Auto Ins. Co., 232 Mo. App. 820, 112 S. W. (2d) 941. In the case of Ritter v. California Highway Indemnity Exchange, 4 Pac. (2d) 145, 214

Cal. 791 and [493] that of Severns v. California Highway Indem. Exchange, 100 Cal. App. 384, 280 Pac. 213, the California courts held that where an action was abated by death the injured person could have no redress against the insurer under the policy.

In this case it is not so much a question of whether the insurer can be sued directly before a judgment has been obtained against the insured, but whether the insurer can in any event be held liable when the cause of action has been abated. We are of the opinion that since death abated the liability as to the tort-feasor it also terminated any liability in the insurance contract. Therefore, the death of the tort-feasor not only rendered it impossible to establish liability by judgment against the tort-feasor, but it ended any liability for the tort. The California cases cited, supra, so held and we think rightly so.

Appellant says that he was a beneficiary under the policy and therefore should have the right to sue the insurer directly since the insured cannot be sued because of his death. Appellant is in no worse position than he would have been had the tort-feasor not carried insurance, or had he lived and breached certain conditions of the policy. That, however, is not a sufficient answer to appellant's contention. The fact that appellant has no greater rights than the insured is a sufficient answer. The law places appellant in the shoes of the insured and when that is done no liability exists and appellant's suit must fail. The Kansas City Court of Appeals and this court, in two recent tort actions against hospitals, held that the plaintiffs had no cause of action because the hospitals were charitable institutions. The cases ruled, that even though the hospitals carried liability insurance plaintiff's suits must fail. Plaintiffs in those cases advanced, the argument that liability to the extent of the insurance would do no harm to the doctrine on which charitable institutions are held exempt from tort actions. It was held that the insurance contract created no greater liability than the law imposed upon the tort-feasors. See Stedem v. Jewish Memorial Hospital Ass'n. of Kansas City, 187 S. W. (2d) 469; Dille v. St. Luke's Hospital, 355 Mo. 436, 196 S. W. (2d) 615.

Appellant cites Appleman Insurance Law and Practice, vol. 8, sec. 4831, pages 220, 221 and the case of Huddleston v. Manhatten Fire & Marine Ins. Co., 235 Mo. App. 776, 148 S. W. (2d) 74. In that case a shipper of wool filed suit directly against the insurer of the carrier of the wool for damages sustained to the wool while in transit. The carrier was not made a party. The court held the action could be maintained despite the non-action clause in the insurance contract. We need not pass on the correctness of the ruling made. The case is not similar to the one before us. No contention was there made that the action had abated. Also, in that case great stress was placed on the wording of the insurance contract in which

insurer agreed it would pay any shipper for all loss or damage to property for which the carrier would be held liable. The general rule is that the no-action clause in a contract of insurance is valid and enforceable. Taverno v. American Auto Ins. Co., 232 Mo. App. 820, 112 S. W. (2d) 941, l. c. 944 (2, 3); Appleman Insurance Law and Practice, vol. 8, page 246, sec. 4851.

It follows that the trial court was right in sustaining the motion to dismiss. The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.