**Eloise Robinson WHITEHEAD, Appellant,**

v.

**NATIONAL CASUALTY COMPANY,**
**Appellee.**

**No. 15567.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 19, 1954.

Rehearing Denied Dec. 17, 1954.

James D. Stevenson, Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman, Ralph D. Churchill and L E. Elliott, Dallas, for appellee.

BOYD, Justice.

This suit was filed by appellant Eloise Robinson Whitehead against appellee National Casualty Company for $1,000 allegedly due under the terms of an accident policy issued by appellee to her husband, Morris Charles Robinson. The policy was in effect when Robinson was killed by accident on August 5, 1947. Suit was filed on January 11, 1954.

The court sustained appellee's motion for summary judgment. The grounds of the motion were that it appeared from the pleadings that appellant did not make proof of loss during the time specified in the policy, which policy was attached to appellant's petition, and that the suit was barred by the four year statute of limitation.

The policy provided that in event of accidental death immediate notice thereof must be given to the company; that failure to give notice within the time provided in the policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible; that affirmative proof of loss must be furnished to the company within ninety days after the date of the loss for which claim is made; that if any time limitation of the policy should be less than that permitted by the law of the state in which the insured resided, such limitation is extended to agree with the minimum period permitted by such law; that all indemnities provided in the policy will be paid immediately after receipt of due proof; and that strict compliance with all the provisions of the policy is a condition precedent to recovery thereunder and failure in that respect would forfeit to the company all rights to any indemnity. Proof of loss was not offered until 1953.

To her answer to appellee's motion for summary judgment, appellant attached her affidavit to the effect that she did not know of the existence of the policy until on or about February 15, 1953, although she had made thorough and diligent search through her husband's effects, and that she offered to submit proof of loss within a reasonable time after learning of the existence of the policy.

Appellant's points for reversal involve the contention that there were questions of fact as to whether her right to recover was barred by the contractual or statutory provisions. She insists that the contract as to proof of loss was complied with in a reasonable time after she knew of the existence of the policy; that her ignorance of the existence of the policy was not due to her negligence; that the cause of action did not accrue until she could reasonably comply with the terms of the policy as to

making proof of loss, and that therefore limitation does not bar her suit.

It has been held that ignorance of the existence of a policy on the part of the beneficiary, unmixed with his own negligence, excuses the timely filing of notice and proof of loss. Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S.W.2d 906; Pilgrim Health & Life Ins. Co. v. Chism, 49 Ga.App. 121, 174 S.E. 212; McElroy v. John Hancock Mut. Life Ins. Co. of Boston, 88 Md. 137, 41 A. 112, 71 Am. St.Rep. 400; Munz v. Standard Life & Accident Ins. Co., 26 Utah 69, 72 P. 182, 62 L.R.A. 485. The holding has been the same even though the policy provided that it should be forfeited unless proof of loss is furnished within a prescribed time. Continental Casualty Co. v. Lindsay, 111 Va. 389, 69 S.E. 344; Maryland Casualty Co. v. Burns, 149 Ky. 550, 149 S.W. 867; Schoen v. American Nat. Ins. Co., 352 Mo. 935, 180 S.W.2d 57; Texas Life Ins. Co. v. Sharp, Tex.Civ.App., 159 S.W.2d 951; Kentzler v. American Mut. Acc. Ass'n, 88 Wis. 589, 60 N.W. 1002; 29 Am.Jur., p. 1047, sec. 1401; 46 C.J.S., Insurance, § 1256, p. 271, and § 1261, p. 279.

"* * * where the liability of the insurer has become fixed by a loss within the range of the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions which prescribe the formal requisites by which the right is to be made available, * * *." Solomon v. Continental Fire Ins. Co. of City of New York, 160 N.Y. 595, 55 N.E. 279, 280. See also Peele v. Provident Fund Soc., 147 Ind. 543, 46 N.E. 990, and Trippe v. Provident Fund Soc., 140 N.Y. 23, 35 N.E. 316.

The rule that the beneficiary's ignorance of the existence of a policy of insurance, unmixed with his own negligence, will excuse the failure to comply with the policy's terms "is grounded in reason and supported by authorities." Cady v. Fidelity & Casualty Co. of New York, 134 Wis. 322, 113 N.W. 967, 969. Besides, "The law does not favor forfeitures, and will decline to enforce them whenever it is against equity and good conscience to do so." Missouri State Life Ins. Co. v. Le Fevre, Tex.Civ.App., 10 S.W.2d 267, 270.

The liability of appellee was fixed at the time of the insured's death; the time in which to make proof of his death was not, in our opinion, of the essence of the contract. Southern Life Ins. Co. v. Hazard, 148 Ky. 465, 146 S.W. 1107; Missouri State Life Ins. Co. v. Le Fevre, supra.

The general rule seems to be that limitation runs from the time when the loss becomes due and payable and the right to sue accrues, and not from the time when the loss occurs. Cooley's Briefs on Insurance, 2nd Ed., Vol. 7, p. 6820; Grand Lodge, Colored Knights of Pythias of Texas v. Hill, Tex.Civ.App., 277 S.W. 797.

Where furnishing proof of loss is a condition precedent to liability, no right of action lies against the insurer until the condition is performed, or its performance has been waived or otherwise excused. Sanderson v. Postal Life Ins. Co. of New York, 10 Cir., 87 F.2d 58, and cases there cited. As no right of action exists until proof of loss is furnished, limitation does not begin to run until such proof is furnished, or making proof has been waived or excused. Sovereign Camp W. O. W. v. Boden, 117 Tex. 229, 1 S.W.2d 256, 61 A.L.R. 682; Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N.E. 513, 41 L.R.A.,N.S., 285.

We think there is a jury question as to whether appellant is excused from timely making proof of loss; and if so, no right of action accrued until that provision of the policy was complied with, or its compliance excused, and therefore the suit would not be barred by the four year statute of limitation.

The judgment is reversed and the cause remanded.